■ In the Matter of BEDFORD-STUYVESANT RESTORATION CORPORATION et al., Appellants, v RICHARD LEWISOHN, as Finance Administrator of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to annul determinations of the respondent tax commission, which denied petitioners' applications for exemption from, and remission of, real estate tax for specified parcels of property for certain years (Real Property Tax Law, § 421, subd 1, par a), petitioners appeal from a judgment of the Supreme Court, Kings County, entered August 27, 1974, which dismissed the petition. Judgment affirmed, without costs, on the opinion of Mr. Justice Ventiera at Special Term. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

■ In the Matter of CLARENCE DAVENPORT, Petitioner, v MARCENE H. CHRISTOVERSON, as Chairman of the New Rochelle Municipal Housing Authority, Respondent.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of respondent, dated July 15, 1974, which, after a hearing, dismissed petitioner from his position as a housing authority patrolman. Determination confirmed and proceeding dismissed on the merits, without costs. On the record in this proceeding, we hold that there is substantial evidence to support the determination of petitioner's guilt of certain specifications, and that dismissal is not disproportionate to the offenses set forth in those specifications. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ In the Matter of RITA G. FITZGERALD, Respondent, v WILLIAM J. FITZGERALD, Appellant.—In this support proceeding the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Kings County, dated April 9, 1974, as directed him to pay (1) $100 per week for the support of the two children in petitioner's custody, retroactively to January 29, 1974, and (2) a counsel fee of $750 to petitioner's attorney. By a previous order on this appeal dated June 30, 1975, (1) the proceeding was remanded to the Family Court for a prompt hearing and findings as to the exact amount of appellant's income in 1974 "and to date", (2) the appeal was ordered held in abeyance in the interim and (3) appellant was directed to pay $60 per week for said support pending the appeal *(Matter of Fitzgerald v Fitzgerald,* 48 AD2d 924). The hearing has been held and the Family Court's findings have been transmitted to this court, and this court has received a written affirmation from appellant with respect to said findings. Order modified, on the facts, by reducing the amount of support to $60 per week for the two children, retroactively to January 29, 1974, with credit to appellant for (1) all payments made since that time and (2) $360 earned by one of the children (as determined by the Family Court on the remand). As so modified, order affirmed insofar as appealed from, without costs. Appellant is directed to pay one half of the counsel fee to petitioner's attorney within 30 days after entry of the order to be made hereon and the balance within 60 days after said entry. Appellant's lack of means at this time justify the within reduction of the amount of support. Rabin, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.