OPINION OF THE COURT
Alfred D. Lerner, J.
This is an article 78 proceeding brought by petitioner, Belle Harbor Home of the Sages, for a judgment annulling respondents’ determination that petitioner is not entitled to a real estate tax exemption under section 421 of the Real Property Tax Law and canceling the real estate taxes levied against petitioner since July 1, 1978.
Petitioner was organized under section 201 of the Not-For-Profit Corporation Law to operate a charitable corporation and is licensed by the Department of Social Services under section 460-b of the Social Services Law to operate a residential care facility. As an operator of a residential care facility, petitioner is subject to the regulations of the Department of Social Services covering, for example, the food and personal care rendered to a resident. Petitioner provides numerous services in a residential facility to the aged who are unable to live on their own.
*913 Petitioner admits all persons without regard to ability to pay. At the hearing before the Tax Commission, petitioner estimated that 85% of its residents received Supplemental Security Income (SSI) and that the remainder had some private resources. As of now, approximately 90% of its residents receive SSI, which means that they have less than $1,500 in assets and no private source of income. SSI residents do not meet the full cost of their care at the facility. Petitioner submitted to the Tax Commission a proposed budget which showed a slight surplus because of an estimated $75,000 in charitable donations from families of residents. However, because of changes in the SSI law, the estimated $75,000 in contributions now counts as income to residents and their SSI payments can be reduced. Because of this change in the SSI law, among other factors, petitioner projects a deficit of $135,-000 for 1979.
As a general rule, real property owned by a corporation organized exclusively for charitable purposes and used primarily for charitable purposes is exempt from taxation to the extent provided by section 421 of the Real Property Tax Law. A corporation which claims an exemption under section 421 of the Real Property Tax Law must show: (1) that the owner is organized exclusively for the purposes specified under section 421 of the Real Property Tax Law; (2) that the property is used primarily in furtherance of those purposes; and (3) that no pecuniary profit inures to the owners, officers, members, or employees nor is the property used as a guise for profit-making operations (Matter of New York Cardiac Center v Kondzielaski, 46 AD2d 810; Matter of Shrine of Our Lady of Martyrs of Auriesville v Board of Assessors of Town of Glen, 40 AD2d 75, affd 33 NY2d 713).
Petitioner meets this test. First, petitioner was organized as a not-for-profit corporation to provide residential care to the aged without regard to income. Petitioner does not distribute income to anyone except as reasonable compensation for services rendered. Petitioner’s highest paid employee is a full-time administrator who earns $30,000 a year and who is not related to any director. Second, the property is used primarily in furtherance of charitable purposes. Ninety percent of the residents have government benefits as their only source of income. The provision of care and services to the indigent elderly on a nonprofit basis is a charitable activity, even though some of the elderly pay for the services with govern *914 ment benefits (see Matter of Church Home of Prot. Episcopal Church in City of Rochester v Wagner, 58 AD2d 952). The fact that a small percentage of petitioner’s residents are able to pay for their services with private income does not alter petitioner’s essentially charitable nature. Revenues derived from private income are not applied to anyone’s profit, but are applied toward petitioner’s charitable purposes (Butterworth v Keeler, 219 NY 446; Schloendorff v Society of N. Y. Hosp., 211 NY 125). Moreover, because 90% of petitioner’s residents receive only government support, the care given to residents capable of paying should be regarded only as "incidental activity” not altering petitioner’s essentially charitable nature. The incidental use of property for a nonexempt purpose will not destroy a real property tax exemption (Gospel Volunteers v Village of Speculator, 33 AD2d 407, affd 29 NY2d 622). Third, petitioner is not run for profit and must solicit voluntary contributions from residents’ families in order to close a substantial deficit. Because petitioner meets the above test, respondents’ finding that the subject property is not used for charitable purposes is contrary to the facts and the law.
The respondents also denied petitioner a tax exemption under section 421 of the Real Property Tax Law on the theory that tax exemptions for low income housing projects are specifically provided for by article 2 of the Private Housing Finance Law and related statutes. It is true that section 11 of the Private Housing Finance Law specifically provides for "aged care accommodations” for aged persons of low income. Section 12 (subd 9, par [c]) of the Private Housing Finance Law defines "aged care accommodations” to mean: "Non-housekeeping accommodations for aged persons with board and aged care service as may be provided as an incident to occupancy, provided however, that no such service shall be of such a nature, kind, or quality as to require licensing by the state department of health under article twenty-eight of the public health law.” (Emphasis added.) Moreover, section 460-a of the Social Services Law pertaining to residence care programs makes specific reference to "aged care accommodation, as defined in the private housing finance law.” There is no merit in petitioner’s argument that it is not covered by the Private Housing Finance Law because it provides residential service to its residents and not only shelter.
However, the Private Housing Finance Law does not apply to the case at bar because petitioner was not organized there *915 under and was not financed with government funds derived from the sources specified in that statute. The record shows that petitioner obtained mortgages from a private individual and expects to pay those mortgages partially through the solicitation of charitable contributions. It was thus not necessary for petitioner to incorporate under article 2 of the Private Housing Finance Law in order to obtain financing. Section 422 of the Real Property Tax Law which grants tax exemptions to low income accommodations for the aged organized under article 2 of the Private Housing Finance Law is not applicable to petitioner, which never had to qualify under that article. The court does not believe that the Legislature intended the Private Housing Finance Law to apply to a charity which did not find it necessary to finance a residential care facility for the indigent elderly with government funds.
Unless a charity is running the kind of housing program specifically provided for elsewhere in the Real Property Tax Law or created by other legislation making express provision for the taxation of real property, the charity is entitled to an exemption under section 421 of the Real Property Tax Law. The record in Educational Alliance v Wagner (28 AD2d 832) shows that the corporation was qualified as an article 2 corporation under the Private Housing Finance Law, specific provision for which is made in section 422 of the Real Property Tax Law. Similarly, in Matter of Bedford-Stuyvesant Restoration Corp. v Lewisohn (NYLJ, Aug. 1, 1974, p 11, col 2, affd 50 AD2d 815), the Legislature had made specific provisions for the tax treatment to be given redevelopment corporations, and the court there believed that the corporation qualified for specific tax exemptions. Moreover, the redevelopment corporation in that case did not qualify as a charity.
This court does not believe that the Legislature has mandated that all housing for the low income elderly be constructed only pursuant to the provisions of the Private Housing Finance Law. This is, in effect, the result which respondents would have the court reach, but such a result would discourage charities from financing low income housing with their own funds or with funds obtainable from sources other than those provided in the Private Housing Finance Law (e.g., special Federal programs). It is the policy of the Legislature to encourage, not discourage, low income housing. The respondents’ argument that petitioner has bypassed a regulatory scheme by not incorporating under the provisions *916 of the Private Housing Finance Law is not persuasive in this case where petitioner is heavily regulated by the Department of Social Services.
The court is mindful of section 414 of the Real Property Tax Law which provides a specific tax exemption to limited-profit housing companies. This statute contemplates limited-profit housing companies organized pursuant to the Private Housing Finance Law to which the statute makes reference.
Accordingly, the petition is granted.