In the Matter of ANDREW MORGAN, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [607 NYS2d 132] —In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the respondents dismissing the petitioner from his employment without a hearing and to compel the respondents to provide the petitioner with a hearing pursuant to Education Law § 3020-a, the petitioner appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered October 9, 1991, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the respondents are directed to afford the petitioner the appropriate notice and a hearing pursuant to Education Law § 3020-a.

The petitioner was a probationary special education teacher who was dismissed by the respondents following his arrest on charges of drug sale and possession. The petitioner was also a licensed, tenured teacher of common branches, and, as such, he was entitled to notice and a hearing pursuant to Education Law § 3020-a.

That statute, generally known as the Tenure Law, provides

that prior to any disciplinary action being taken against a tenured teacher, all charges must be submitted in writing and filed with the clerk or secretary of the school district or employing board (Education Law § 3020-a [1]). Thereafter, the school district or employing board, in executive session, must vote on whether probable cause for the charges does, in fact, exist (Education Law § 3020-a [2]). If the determination of the district or board is affirmative, a written statement specifying the charges in detail, and outlining the accused employee's rights shall immediately be forwarded to him. The accused employee may then request a hearing (Education Law § 3020-a [2]). Upon receipt of a request for a hearing, the Commissioner of Education shall schedule a hearing (see, Education Law § 3020-a [3] [a]).

Since the petitioner did not receive the procedural protections pursuant to Education Law § 3020-a, the matter is remitted to the respondent Board of Education for further proceedings in accordance herewith. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.