In the Matter of STANLEY A. SANDERS, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [794 NYS2d 95]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Board of Education of the City School District of the City of New York which terminated the petitioner from his employment, the Board of Education of the City School District of the City of New York and Community School District 22 of the Board of Education of the City of New York appeal from a judgment of the Supreme Court, Kings County (Douglass, J.), dated August 7, 2003, which denied their cross motion to dismiss the proceeding and, in effect, granted the petition to the extent of finding that they did not comply with Education Law § 3020-a (2) and remitting the matter to them for further proceedings in accordance with Education Law §§ 3020 and 3020-a.

Ordered that the judgment is affirmed, with costs.

The petitioner was a tenured common branches teacher who was on leave of absence during the 1996-1997 school year. On July 31, 1997, the appellants discharged the petitioner contending that he violated article 5F of the collective bargaining agreement (hereinafter the CBA), which provides that teachers who are absent for 20 consecutive school days without notice shall

be deemed to have resigned. After the petitioner exhausted the three-step grievance procedure outlined in the CBA, the United Federation of Teachers demanded arbitration pursuant to article 22 of the CBA. The arbitrator dismissed the petitioner's grievance as untimely without reaching the merits.

Education Law § 3020-a, generally known as the Tenure Law, affords procedural protections to tenured teachers, in that a tenured teacher cannot be discharged from employment without proper cause, notice, and a hearing (*see* Education Law § 3020-a; *Matter of Morgan v Board of Educ. of City of N.Y.*, 201 AD2d 482 [1994]). The purpose of the statute is to protect teachers from the arbitrary imposition of formal discipline or removal (*see* Education Law § 3020; *Holt v Board of Educ. of Webutuck Cent. School Dist.*, 52 NY2d 625, 632 [1981]). The appellants failed to demonstrate, by clear and convincing evidence, that the petitioner voluntarily relinquished his tenure rights or abandoned his position as of the date of the termination letter (*see Ciccarelli v Board of Educ. of W. Seneca Cent. School Dist.*, 107 AD2d 1050 [1985]). Since the petitioner did not receive the procedural protections pursuant to Education Law § 3020-a, as unequivocally specified in the CBA, the Supreme Court properly remitted the matter to the appellants for further proceedings in accordance with Education Law §§ 3020 and 3020-a (*see Matter of Morgan v Board of Educ. of City of N.Y., supra*).

The appellants' remaining contentions either are academic or without merit. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.