■ In the Matter of ADULT HOME AT ERIE STATION, INC., Appellant, v ASSESSOR AND BOARD OF ASSESSMENT REVIEW OF CITY OF MIDDLETOWN et al., Respondents. [828 NYS2d 459]—

In consolidated proceedings pursuant to RPTL article 7, the petitioner appeals, as limited by its brief, from so much of an amended order and judgment (one paper) of the Supreme Court, Orange County (Dickerson, J.), dated July 8, 2005, as, after a nonjury trial, denied those branches of the petitions which were, in effect, to declare the subject property exempt from real property taxes pursuant to RPTL 420-a for tax years 2001/2002 and 2002/2003.

Ordered that the amended order and judgment is reversed insofar as appealed from, on the law and the facts, with costs, those branches of the petitions which were, in effect, to declare the subject property tax exempt for tax years 2001/2002 and 2002/2003 are granted, and it is declared that the subject property is exempt from real property taxes pursuant to RPTL 420-a for tax years 2001/2002 and 2002/2003.

The petitioner, a not-for-profit corporation, operates an adult home, as defined in Social Services Law § 2 (25), on real property located in the City of Middletown. The petitioner receives a tax exemption from the Internal Revenue Service. The petitioner applied for an exemption of the property from taxation pursuant to RPTL 420-a (1) (a) under the mandatory category "charitable." The Assessor and Board of Assessment Review of the City of Middletown denied the application. The petitioner then commenced these proceedings pursuant to RPTL article 7, inter alia, in effect, to declare the subject property exempt from real property tax pursuant to RPTL 420-a. Following a nonjury trial, the Supreme Court upheld the determination, concluding that while the petitioner was organized for a charitable purpose, its property was not used primarily for the furtherance of such purpose because approximately 50% of its residents were "private pay." The petitioner appeals.

RPTL 420-a (1) (a) provides a mandatory real property tax exemption for property used exclusively for charitable purposes. In order for an entity to be entitled to this tax exemption, (1) the entity must be organized exclusively for purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) the entity may not be simply used as a guise for profit-making operations

(*see Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye,* 275 AD2d 714 [2000]).

The undisputed evidence adduced at trial mandated a finding that the subject property was used exclusively for charitable purposes. Accordingly, we reverse the order and judgment insofar as appealed from. The evidence established that the petitioner accepts and maintains in residence individuals without regard to ability to pay, approximately 90% of its residents are unable to afford the regular room rates charged in comparable facilities, and the petitioner has incurred deficits which are made up by contributions, subsidies, and debt forgiveness from its parent corporation and affiliates. Under these circumstances, the petitioner's primary use of the subject property is for charitable purposes (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg,* 79 NY2d 244, 250; *Matter of Marino P. Jeantet Residence for Seniors v Commissioner of Fin. of City of N.Y.,* 105 Misc 2d 1080 [1980], *affd* 86 AD2d 671 [1982]; *Matter of Belle Harbor Home of Sages v Tishelman,* 100 Misc 2d 911 [1979], *affd* 81 AD2d 886 [1981]; *American-Russian Aid Assn. v City of Glen Cove,* 41 Misc 2d 622 [1964], *affd* 23 AD2d 966 [1965]; *cf. Matter of Greer Woodycrest Children's Servs. v Fountain,* 74 NY2d 749 [1989]; *Matter of Presbyterian Residence Ctr. Corp. v Wagner,* 66 AD2d 998 [1978], *affd* 48 NY2d 885 [1979]). The fact that a percentage of the petitioner's residents are able to pay the regular room rates or a portion thereof with private funds does not alter the petitioner's essentially charitable nature. Revenues derived from private income are not applied to anyone's profit, but are applied toward the petitioner's charitable purposes (*see Matter of Belle Harbor Home of Sages v Tishelman, supra*). A "commercial patina" alone is not enough to defeat tax-exempt status, especially when such income is merely incidental or auxiliary to the main exempt purpose and does not realize a profit but is used to cover the petitioner's costs (*see Matter of Symphony Space v Tishelman,* 60 NY2d 33, 38-39 [1983]; *see also Matter of Stuyvesant Sq. Thrift Shop v Tax Commn. of City of N.Y.,* 54 NY2d 735 [1981]; *Sisters of St. Joseph v City of New York,* 49 NY2d 429 [1980]; *Matter of Association of Bar of City of N.Y. v Lewisohn,* 34 NY2d 143 [1974]).

Moreover, it is undisputed that no pecuniary profit, apart from reasonable compensation, inures to the benefit of any officers, members, or employees, nor is the petitioner simply used as a guise for profit-making operations (*see Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye, supra*). Accordingly, the Supreme Court should have declared the peti-

tioner exempt from real property taxation pursuant to RPTL 420-a (*see Mohonk Trust v Board of Assessors of Town of Gardiner,* 47 NY2d 476 [1979]).

The respondents' remaining contentions are without merit. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.