■ OTRADA, INC., Respondent, v ASSESSOR, TOWN OF RAMAPO et al., Appellants. [839 NYS2d 123]—

In an action, inter alia, for a judgment declaring that the real property owned by the plaintiff in the Town of Ramapo is fully exempt from real property taxation from March 1, 2003, through the date of judgment rendered in the action, the defendants appeal from a judgment of the Supreme Court, Westchester County (Dickerson, J.), dated March 16, 2006, which, after a nonjury trial, and upon an order of same court dated March 1, 2006, declared that the subject real property is 100% exempt from real property taxation for the tax years 2003, 2004, and 2005.

Ordered that the defendants' notice of appeal from the order dated March 1, 2006, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

Contrary to the defendants' contention, the Supreme Court correctly determined that the defendants had the burden of proving that the plaintiff's real property is not exempt from real property taxation, where the Town Assessor of the Town of Ramapo affirmatively withdrew a portion of an extant mandatory tax exemption from the plaintiff (*see Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714 [2000]; *cf. Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328).

The defendants did not argue that the plaintiff's primary purpose does not support the plaintiff's tax exempt status. They took issue, however, with the whether the portion of the plaintiff's real property that was denied tax-exempt status was used primarily for the furtherance of the purposes of the plaintiff's educational and charitable activities. At trial, the defendants introduced evidence that some one third of the square footage of the 10 buildings extant on the plaintiff's real property was devoted to residential use. The 4 rooms and 10 apartments so utilized are in various portions of the buildings, and are rented to some 14 members of the plaintiff organization.

Although the residential facilities are not provided rent-free, they are not rented to individuals who are not members of the plaintiff. The occupants pay rent and, in addition, all provide some volunteer services to the plaintiff. The volunteer services support the maintenance of the grounds and buildings, and provide direct support for the activities of the plaintiff in advancing the purposes for which it was formed. Those purposes include the preservation of the language and cultural tradition of Americans of Russian origin. The plaintiff's executive vice-president testified at trial that, while the plaintiff receives the benefit of services volunteered by members who do not reside

on the property, the plaintiff could not exist without having members live on the subject property.

On this record, the defendants failed to meet their burden of demonstrating that the residential use of the property was other than "reasonably incidental" to the main purpose of the plaintiff. Where a challenged use provides a benefit to an organization, without which the ability of the organization to fulfill its intended purposes would be seriously undermined, that use is necessary and reasonably incidental to the primary purpose (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244; *People ex rel. Watchtower Bible & Tract Socy. v Haring*, 8 NY2d 350; *see also Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 27 AD3d 256 [2006], *revd on other grounds* 8 NY3d 1001 [2007]; *Matter of Pets Alive v Wanat*, 288 AD2d 386 [2001]). Additionally, that the plaintiff derived rental income from the residents is insufficient to defeat its tax-exempt status, since the evidence established that the rental income was used to support the plaintiff's charitable and educational purposes (*see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 36 AD3d 699 [2007], *lv granted* 8 NY3d 814 [2007]).

The Supreme Court correctly determined that the plaintiff was entitled to a full tax exemption for tax year 2003, the year the action was commenced, as well as for tax years 2004 and 2005. In its complaint, the plaintiff sought, inter alia, "to be declared fully exempt from real estate taxation from March 1, 2003 through the date of judgment to be rendered in this action." Thus, the defendants were on notice that the plaintiff potentially sought a declaration of tax exemption beyond tax year 2003. Since the instant challenge is to an allegedly void tax assessment, and was prosecuted as a declaratory judgment action, the plaintiff was not required to follow the procedures of RPTL article 7 (*see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 204-205 [1991]). Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur.