In the Matter of HEALTH INSURANCE PLAN OF GREATER NEW YORK, Appellant, v BOARD OF ASSESSORS OF TOWN OF BABYLON et al., Respondents. [845 NYS2d 98]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Sole Assessor of the Town of Babylon, incorrectly sued herein as the Board of Assessors of the Town of Babylon, dated April 23, 2004, which denied the petitioner's renewal application for the exemption of certain real property from real property taxation for the tax year 2004/

2005, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered June 21, 2006, which, upon a decision of the same court dated February 27, 2006, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is granted, and the Sole Assessor of the Town of Babylon is directed to list the real property as exempt from real property taxation for the tax year 2004/2005.

The petitioner is the owner of three parcels of real property located at 300-02 Bayshore Road in North Babylon, designated on the Suffolk County Tax Map as Section 100, Block 119, Lots 47, 52.001, and 53.

Prior to tax year 2004/2005, the petitioner annually had filed for, and been granted, an exemption from real property taxation for these lots pursuant to RPTL 420-a (1). When the petitioner sought the exemption for tax year 2004/2005, the Sole Assessor of the Town of Babylon, incorrectly sued herein as the Board of Assessors of the Town of Babylon (hereinafter the Assessor), denied its renewal application. The petitioner thereafter sought review of the assessment for tax year 2004/2005 before the Board of Assessment Review of the Town of Babylon (hereinafter the Board), asserting in each of three grievance complaints dated May 5, 2004 (one for each of the three lots), inter alia, that the property was wholly exempt. On June 23, 2004, the petitioner's attorney asserted, in a letter to the Assessor, that as a certified health maintenance organization (hereinafter HMO), the petitioner was entitled to an exemption from real property taxation for its real property. In his letter, counsel relied upon RPTL 486-a, which provides that "[r]eal property owned by a not-for-profit corporation operating as a health maintenance organization subject to the provisions of article forty-four of the public health law and used exclusively for its corporate purposes shall be exempt from taxation." When the tax roll assessments were finalized on July 30, 2004, the petitioner's real property was not listed as exempt. The petitioner then commenced this CPLR article 78 proceeding, challenging the denial of its request for exemption pursuant to RPTL 486-a. The Supreme Court denied the petition. We reverse.

When a municipality withdraws a tax exemption which had been granted pursuant to RPTL 420-a (1), it bears the burden of demonstrating that the property is no longer entitled to the exemption (*see Otrada, Inc. v Assessor, Town of Ramapo*, 41 AD3d 678 [2007], *lv denied* 9 NY3d 811 [2007]; *Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714 [2000]). In this case, for tax year 2004/2005, the

municipality withdrew the RPTL 420-a (1) exemption, which had been in effect for many years, whereupon the petitioner asserted a right to exemption relief under the separate exemption provided for in RPTL 486-a. In such a circumstance, involving withdrawal of an existing exemption, the burden is upon the municipality to establish that the withdrawal of the exemption was warranted and rational, notwithstanding that the petitioner's challenge in this proceeding is predicated upon RPTL 486-a. The Supreme Court erroneously imposed the burden of proof upon the petitioner to establish that the withdrawal of the exemption was unwarranted or irrational.

In light of the proof adduced before the Supreme Court, we conclude that the respondents failed to demonstrate that their determination, in effect, denying the petitioner's request for exemption of its real property from taxation for the tax year 2004/2005 pursuant to RPTL 486-a, was rational or warranted. The record supports the conclusions that the property is owned by a not-for-profit corporation operating as an HMO, subject to the provisions of Public Health Law article 44, and that the property was used exclusively for that purpose. These conclusions are in accordance with the opinion of counsel for the New York State Office of Real Property Services, which was sought by both parties as guidance on the issue of exclusivity (*cf. Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg,* 79 NY2d 244 [1992]; *Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown,* 36 AD3d 699 [2007]). Accordingly, the denial of the RPTL 486-a exemption was without a rational basis and was therefore arbitrary (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222 [1974]). Thus, the petition should have been granted (*cf. Matter of Health Ins. Plan of Greater N.Y. v Sullivan,* 57 NY2d 802 [1982]). Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.