In the Matter of Tovah Bane, Respondent, v Hebrew Academy of Five Towns and Rockaway, Appellant. [846 NYS2d 380]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Hebrew Academy of Five Towns and Rockaway dated April 6, 2006, which terminated the petitioner

Tovah Bane from her employment, the Hebrew Academy of Five Towns and Rockaway appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), dated March 26, 2007, as granted the petition and directed it to reinstate the petitioner to a tenured teaching position.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner Tovah Bane became a tenured teacher with the predecessor school of the appellant Hebrew Academy of Five Towns and Rockaway (hereinafter HAFTR) in 1951 and retained her tenure when HAFTR took over the school. In 1999 Bane, at the request of the principal, took on certain administrative responsibilities. In April 2006 HAFTR informed Bane that it was terminating her position for financial reasons. Bane commenced this proceeding to review that determination, and for reinstatement to a teaching position for which she is qualified as a tenured teacher. HAFTR opposed the petition, arguing that Bane forfeited her tenure rights in 1999 when she accepted what HAFTR considered an administrative position. The Supreme Court, inter alia, granted the petition and directed HAFTR to reinstate Bane to a position for which she is qualified to teach. We agree.

Bane demonstrated that she was a tenured teacher at HAFTR and, as such, had certain rights, including the right to have her employment terminated only for cause barring emergent financial circumstances not at issue here (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.,* 81 NY2d 446, 451). In response, HAFTR failed to rebut this showing. Notably, the "Teacher Re-Employment Information Form" so heavily relied upon by HAFTR to demonstrate that Bane was an administrator with the school does not establish that fact. Rather, the form expressly states that it is for teachers. HAFTR's act in terminating Bane's employment with the school for financial reasons and not for cause was arbitrary and capricious (*see* CPLR 7803; *accord Matter of Sanders v Board of Educ. of City School Dist. of City of N.Y.,* 17 AD3d 682, 683 [2005]). Therefore, the Supreme Court properly granted the petition.

HAFTR's remaining contention is unpreserved for appellate review, and in any event, without merit. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.