In the Matter of ANTHONY DiSTEFANO, Respondent, v RAYMOND KELLY et al., Appellants. [850 NYS2d 203]—

In a proceeding pursuant to CPLR article 78 to review a determination of the License Division of the New York City Police Department, dated September 20, 2005, denying the petitioner's application for a premises residence handgun license, the appeal, as limited by the brief, is from so much of a judgment of the Supreme Court, Richmond County (Gigante, J.), dated September 15, 2006, as granted the petition, annulled the determination, and directed the License Division of the New York City Police Department to approve the petitioner's application for a premises residence handgun license.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The appellants have broad discretion in ruling on permit applications, which they may deny for any good cause (*see* Penal Law § 400.00; *Matter of Denora v Safir*, 274 AD2d 478 [2000]). Here, however, the denial of the petitioner's application for a premises residence handgun license on the ground that the petitioner failed to timely renew his prior license or voucher his handgun was arbitrary and capricious (*see contra Matter of Simmons v New York City Police Dept. License Div.*, 35 AD3d 748, 749 [2006]; *Matter of Romanoff v Lange*, 281 AD2d 551 [2001]; *Matter of County of Westchester v D'Ambrosio*, 244 AD2d 334 [1997]). The petitioner, who possessed a valid license without incident from 1990 until 2002, and who admittedly was not sent a renewal notice in 2002 to his correct address, which was on file (*see* 38 RCNY 5-28 [c]), proffered a reasonable excuse for the failure to renew, and complied with all of the appellants' directives and requests, including providing information on his military record, his tax returns, and letters of reference. Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.