■ In the Matter of OHR MENACHEM OF GREAT NECK, INC., Appellant, v BOARD OF ASSESSORS et al., Respondents. [852 NYS2d 321]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Assessors of the Incorporated Village of Great Neck Estates dated January 4, 2006, denying the petitioner's application for a real property tax exemption for the tax year 2006-2007, the petitioner appeals (1)

from a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated September 13, 2006, which denied the petition and dismissed the proceeding, and (2) from so much of an order of the same court entered February 5, 2007, as denied that branch of its motion which was for leave to renew.

Ordered that the judgment is reversed, on the law, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Assessors of the Incorporated Village of Great Neck Estates to issue a new determination granting the petitioner's application for a real property tax exemption for the tax year 2006-2007 and to correct the assessment roll for the tax year 2006-2007 to reflect that the petitioner is tax exempt; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The petitioner is a corporation organized exclusively for religious or educational purposes. In December 2005 the petitioner submitted an application to the Board of Assessors of the Incorporated Village of Great Neck Estates (hereinafter the Board) for a mandatory real property tax exemption pursuant to Real Property Tax Law § 420-a for real property it alleged that it owned and used exclusively for the operation of a preschool Jewish day school and afternoon Hebrew school. Part of the petitioner's application was made on an application form prescribed by the New York State Board of Real Property Services. In a letter to the petitioner's attorney dated January 4, 2006, the Board notified the petitioner that its application was "rejected as incomplete" due, inter alia, to the petitioner's failure to fully answer every question on the prescribed form. The petitioner commenced this proceeding, among other things, to review the Board's determination.

Real Property Tax Law § 420-a provides a mandatory real property tax exemption for, inter alia, real property owned by corporations organized or conducted exclusively for religious or educational purposes and used exclusively for carrying out such purposes. "There is no requirement in section 420-a that in order for the property of such a corporation to be exempted from real property taxes the corporation must complete and file any prescribed application forms" (*Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 202 [1991]). Here, the Board's rejection of the application did not have a rational basis and was, therefore, arbitrary (*see Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of*

*Town of Babylon,* 44 AD3d 1044 [2007]; *see generally Matter of DiStefano v Kelly,* 47 AD3d 928 [2008]; *Matter of Bane v Hebrew Academy of Five Towns & Rockaway,* 46 AD3d 552 [2007]). Accordingly, the Supreme Court should have granted the petition. Mastro, J.P., Lifson, Covello and Angiolillo, JJ., concur.