■ In the Matter of SOUTHWINDS RETIREMENT HOME, INC., Respondent, v CITY OF MIDDLETOWN et al., Appellants. [903 NYS2d 138]—

In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the City of Middletown, Bonnie Bernaski, as Commissioner of Assessment for the City of Middletown, the Board of Assessment Review for the City of Middletown, and the County of Orange appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (LaCava, J.), dated June 9, 2009, as, after a nonjury trial, granted that branch of the petition which was to annul the 2002 assessment of property located at 50-58 Fulton Street in the City of Middletown, to direct the City of Middletown to grant a tax exemption pursuant to Real Property Tax Law § 420-a for the year 2002, and to direct correction of the 2002 assessment roll.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner is a not-for-profit corporation which provides support programs for families with dependent care needs. It owns certain real property in the City of Middletown on which it operates a residential adult care facility. Across the street, it owns another parcel, upon which there is an approximately 20,000-square-foot building (hereinafter the subject premises), which previously housed a related adult day care program. In late 2001, the petitioner moved the adult day care facility into the main building and leased out 4,085 square feet of the subject premises to Empire State College. According to an affidavit by the petitioner's then Chief Financial Officer, the remaining space was used as storage space for the residential adult care facility across the street as of January 1, 2002.

The petitioner submitted a renewal application to the City Assessor, seeking renewal of its tax exemption on the subject premises for 2002. The Assessor denied the application and the

property was added to the 2002 assessment roll. The petitioner filed a grievance challenging the assessment with the Board of Assessment Review for the City (hereinafter the BAR), which was denied. The petitioner then commenced this proceeding pursuant to RPTL article 7 against the City, the City Assessor, the BAR, and the County of Orange (hereinafter collectively the City), seeking a de novo determination that it is entitled to the tax exemption mandated by RPTL 420-a. After a nonjury trial, the Supreme Court granted that branch of the petition which was to annul the 2002 assessment, direct the City to grant the tax exemption for the year 2002, and to direct correction of the 2002 assessment roll. The City appeals.

The petitioner properly exhausted its administrative remedies by timely filing a grievance challenging the assessment (*see* RPTL 706 [2]; *Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d 735, 742-743 [1997]; *Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 126 [1985]). Its submission of evidence to the trial court which was not proffered during the grievance process was proper. A proceeding pursuant to RPTL article 7 "is a trial *de novo* to decide whether the total assessment of the property is correct and if it is not to correct it" (*Matter of Katz Buffalo Realty v Anderson*, 25 AD2d 809, 809 [1966]; *see Matter of TAP, Inc. v Dimitriadis*, 49 AD3d 947 [2008]; *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 14 [1999]).

Since the City rescinded a previously granted RPTL 420-a tax exemption, it bore the burden of proving that the property is subject to taxation (*see Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334; *Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of Town of Babylon*, 44 AD3d 1044, 1045; *Otrada, Inc. v Assessor, Town of Ramapo*, 41 AD3d 678, 679 [2007]). We agree with the Supreme Court that the City failed to meet this burden (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Pursuant to RPTL 420-a (1) (a), real property owned by a charitable organization and used exclusively for carrying out its charitable purposes is exempt from taxation. The City failed to meet its burden of establishing that, on March 1, 2002, the portion of the subject premises retained by the residential adult care facility was not used for storage space for equipment owned by that facility (*see* RPTL 302 [1]; *Congregation Emanu-el of City of N.Y. v City of New York,* 150 Misc 657, 659 [1934], *affd* 243 App Div 692 [1935]).

Moreover, pursuant to RPTL 420-a (2), if any portion of tax-exempt property is leased by another tax-exempt entity and used for its tax-exempt purposes, the property will remain tax exempt "so long as any moneys paid for such use do not exceed the amount of the carrying, maintenance and depreciation charges of the property or portion thereof, as the case may be" (RPTL 420-a [2]; *see Sisters of St. Joseph v City of New York*, 49 NY2d 429, 439-440 [1980]). The City concedes that Empire State College is a tax-exempt institution which uses the leased space for educational purposes. The City's challenges to the financial information submitted by the petitioner did not suffice to meet its burden of establishing that the amount of rental income received in 2002 for the leased portion of the subject premises exceeded the amount of carrying, maintenance, and depreciation charges attributable to that portion of the premises, even excluding amortization charges (*see* 10 Ops Counsel SBRPS No. 88; *Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334 [1982]).

Accordingly, the Supreme Court properly found that the City failed to meet its burden of establishing that the subject premises were subject to taxation in 2002 (*see Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d at 334; *Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of Town of Babylon*, 44 AD3d at 1045-1046 [2007]; *Otrada, Inc. v Assessor, Town of Ramapo*, 41 AD3d at 679-680). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.