■ In the Matter of HEALTH INSURANCE PLAN OF GREATER NEW YORK, Respondent, v BOARD OF ASSESSORS et al., Appellants. [940 NYS2d 665]—

In related proceedings pursuant to RPTL article 7 to review the tax assessments of the petitioner's real property for the tax years 2005/2006 through 2008/2009, the appeal is from a judgment of the Supreme Court, Suffolk County (Bivona, J.), entered December 22, 2010, which, upon an order of the same court dated August 4, 2010, granting the petitioner's motion for summary judgment on the petitions and denying the appellants' cross motion to compel discovery, inter alia, granted the petitions and directed the Assessor of the Town of Babylon to enter changes necessary to list the subject property as exempt from real property taxation for the tax years 2005/2006 through 2008/2009.

Ordered that the judgment is affirmed, with costs.

This Court previously determined that the petitioner's real property consisting of three parcels of land was entitled to an exemption from real property taxation for the tax year 2004/2005 pursuant to RPTL 486-a (*see Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of Town of Babylon*, 44 AD3d 1044, 1046 [2007]). Thereafter, the appellants denied the petitioner's request for the same tax exemption for the tax years

2005/2006 through 2008/2009. The petitioner commenced the instant proceedings, filing a petition for each of the relevant tax years. The petitioner moved for summary judgment and the appellants cross-moved to compel discovery. The Supreme Court granted the petitioner's motion for summary judgment on the petitions and denied the appellants' cross motion, and thereupon entered a judgment, inter alia, granting the petitions and directing the Assessor of the Town of Babylon to enter changes necessary to list the subject property as exempt from real property taxation for the tax years 2005/2006 through 2008/2009.

To qualify for a tax exemption pursuant to RPTL 486-a, the petitioner must demonstrate that the property was owned by a not-for-profit corporation operating as a health maintenance organization (hereinafter HMO), subject to the provisions of article 44 of the Public Health Law, and used exclusively for that purpose (*see* RPTL 486-a; *Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of Town of Babylon*, 44 AD3d at 1046).

Here, the petitioner submitted sufficient evidence to establish, prima facie, that it was a not-for-profit corporation operating as an HMO subject to the provisions of article 44 of the Public Health Law. The petitioner also submitted sufficient evidence to demonstrate, prima facie, that it was the owner of the subject property. The evidence showing ownership, submitted in reply papers, was properly considered because the appellants had an opportunity to respond and submit papers in surreply (*see Valure v Century 21 Grand*, 35 AD3d 591, 592 [2006]; *Hoffman v Kessler*, 28 AD3d 718, 719 [2006]).

As to exclusive use, courts look to other sections of the Real Property Tax Law for guidance. Under RPTL 420-a and 420-b, exclusive use is defined as principal or primary use (*see Matter of Association of Bar of City of N.Y. v Lewisohn*, 34 NY2d 143, 153 [1974]; *Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 80 AD3d 118, 133 [2010]). The petitioner demonstrated, prima facie, that the subject property was used exclusively for its corporate purpose, as the evidence showed that a great majority (86% to 90%) of patient visits at the subject property were from patients insured by the petitioner.

In opposition to the petitioner's prima facie showing of entitlement to judgment as a matter of law, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the petitioner's motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and, under the facts of this case, properly denied the appellants'

cross motion (*see Matuszak v B.R.K. Brands, Inc.*, 23 AD3d 628 [2005]). Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.