■ In the Matter of 471 Columbian Club of Port Jervis, New York, Inc., Appellant, v Yvonne V. Duryea, Respondent. [961 NYS2d 571]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Assessor of the City of Port Jervis dated April 4, 2011, that certain real property was not tax exempt pursuant to RPTL 420-a for the tax year 2011, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated December 1, 2011, as, upon reargument, adhered to a prior determination in a judgment of the same court (McGuirk, J.), dated September 6, 2011, denying the petition and dismissing the proceeding.

Ordered that the order dated December 1, 2011, is reversed insofar as appealed from, on the law, with costs, upon reargument, the judgment dated September 6, 2011, is vacated, the petition is granted, the determination is annulled, and the respondent is directed to list the subject real property as exempt from real property taxation for the tax year 2011.

The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the respondent's determination that certain real property which had been declared tax exempt pursuant to RPTL 420-a for the tax year 2010 was not tax exempt for the tax year 2011. "When a municipality withdraws a tax exemption which had been granted pursuant to RPTL 420-a (1), it bears the burden of demonstrating that the property is no longer entitled to the exemption" (*Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of Town of Babylon*, 44 AD3d 1044, 1045 [2007]; *see Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334-335 [1982]; *Matter of Southwinds Retirement Home, Inc. v City of Middletown*, 74 AD3d 1085, 1086 [2010]). Here, the respondent failed to sustain that burden. While the respondent's determination cited the petitioner's failure to file a completed application for an exemption, a corporation is not required to complete or file any prescribed application forms to be entitled to an exemption pursuant to RPTL 420-a (*see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 202 [1991]; *Matter of Ohr Menachem of Great Neck, Inc. v Board of Assessors*, 48 AD3d 688, 689 [2008]). The respondent's remaining contentions are without merit.

Accordingly, upon reargument, the Supreme Court should have vacated the judgment, granted the petition, annulled the determination, and directed the respondent to list the subject real property as exempt from real property taxation for the tax year 2011. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.