Van Voorhis, J.
At the tax status dates for the two years in question, subdivision 6 of section 4 of the Tax Law then in force — carried forward, in substance, by subdivisions 1, 2 and 5 of section 420 of the present Eeal Property Tax Law — totally exempted from real estate taxation buildings ‘ ‘ owned and actually used for hospital purposes, by a free public hospital, depending for maintenance and support upon voluntary charity,” even though portions of the buildings were otherwise used for the purposes of income, provided that such income was needed for the maintenance and support of such hospital and was devoted to that purpose. If the institution was merely a “ hospital ”, total exemption was accorded only if the building was “used exclusively for carrying out thereupon ” hospital purposes, except that proportionate partial exemption was allowed to the extent that “ a portion only of any lot or building of any such corporation or association is used exclusively for *141 carrying out thereupon ” hospital purposes. In the latter event it was provided that ‘1 such lot or building shall be so exempt only to the extent of the value of the portion so used, and the remaining or other portion, to the extent of the value of such remaining or other portion, shall be subject to taxation ”.
This proceeding concerns a claim to tax exemption by St. Luke’s Hospital, located at Amsterdam Avenue and 113th Street in the City of New York, of 10 apartment buildings across the street on 113th to 115th Streets, between Amsterdam Avenue and Broadway, in close proximity to the hospital. These apartment houses are occupied partly by personnel, chiefly doctors and nurses, employed by the hospital. It is conceded that all income from these properties is applied to the maintenance and support of the hospital. Some of the tenants in these buildings have no connection with the hospital but as their apartments become vacant they are rented only to employees, a purpose claimed to be reasonably incident to the major purpose of the hospital, and which is asserted to place it at a competitive advantage in recruiting and retaining internes, residents and nurses who are in short supply. At the tax status dates these buildings were occupied by employees of the hospital in percentages ranging from approximately 17% to 42%.
Special Term ruled that supplying living accommodations for hospital personnel is a hospital purpose, that, therefore, portions of these apartment houses were exclusively devoted to hospital purposes, that St. Luke’s is a free public hospital depending for maintenance and support upon voluntary charity, with the consequence that all 10 apartment houses should be totally exempted from taxation. The Appellate Division held that supplying such accommodations is not a hospital purpose, and, therefore, denied any tax exemption without reaching the question whether St. Luke’s is a free public hospital. In our view supplying living accommodations for hospital personnel and their immediate families is a hospital purpose, but St. Luke’s is not a free public hospital within the meaning of this section of the Tax Law. It follows that each of these apartment houses is entitled to partial tax exemption, and that only the value of those portions of the buildings is taxable which are not occupied exclusively by hospital personnel (which term, as used in this opinion, also includes their immediate families).
*142 This section of the Tax Law (§4, subd. 6) was originally enacted in substantially its present form in 1896 (L. 1896, ch. 908, § 4), except that the total exemption of lands of free public hospitals not entirely devoted to hospital purposes was not contained in it but was added by chapter 371 of the Laws of 1897. In order to determine what kinds of institutions were referred to as free public hospitals, we, therefore, have to look to conditions as they existed in 1897. Today there are probably few or no hospitals in the State of New York which make no charges to or for patients, although the brief of the Corporation Counsel states that there still is one in Colorado whose public motto is “None may enter who can pay * * * none can pay who enter.” Reported decisions and State Department Reports indicate that such eleemosynary institutions formerly existed in this State (Matter of Montefiore Home v. Prendergast, 159 App. Div. 644, affd. 211 N. Y. 549; Western Dispensary of New York City v. Mayor, 24 Jones & Sp. 361 [Superior Ct. of N. Y. City, Gen. Term, 1889]; Matter of Albany Mem. Hosp., 34 N. Y. St. Dept. Rep. 25, 30-31; see, also, Seventh State Conference on Taxation, Rochester, N. Y., 1917, Report of the Committee on Exemptions, Amendment No. 4, pp. 228-229). In the Montefiore Home case the opinion of the Appellate Division said (p. 645): “All treatment afforded by petitioner to its patients and other applicants for relief is wholly gratuitous. It does not receive any pecuniary aid from the City of New York but is maintained exclusively by private, voluntary contributions.” Language from the opinion in the Western Dispensary case is to the same effect. The Report of the Committee on Exemptions recommended repeal of this special exemption for free public hospitals on the ground that it was “ in fact designed * * * to fit some special case ” although, if so, no special case was mentioned. St. Luke’s Hospital derives about 75% of its annual revenue from fees paid for patients, some of them by the City of New York, to be sure, in case of indigent patients. Only capital investment and annual deficits are met by voluntary charity. Rates for private patients are above operational costs, semiprivate patients are charged at cost, and the ward rates (mostly paid by the City of New York) are fixed at less than actual costs. The hospital admits approximately 5,600 ward patients annually, 3,000 semiprivate patients and 1,700 private *143 patients. As appellant the hospital contends that it is a free public hospital for the reason that it admits patients without discrimination, notwithstanding that they are charged on the foregoing bases for services rendered wherever they are able to pay or payment is to be made in their behalf. An argument is made from contemporary clauses in the same statute referring to free public libraries as libraries that are free to the public. This argument is not convincing. We construe the statute as meaning that free public hospitals depending for maintenance and support upon voluntary charity are hospitals that do not charge for their services. Whether there be any such at the present time is beside the point. Neither is it significant that the substance of subdivision 6 of section 4 has been continued by the recently enacted Real Property Tax Law (§ 420, subds. 1, 2, 5). In continuing this provision the Legislature may have wished to cover such institutions if any still exist.
Concluding, as we do, that this is not a free public hospital, it does not follow that St. Luke’s is entitled to no tax exemption of these apartment houses. The test of any tax exemption is whether apartments in them occupied by hospital personnel and their immediate families are devoted to a use which “ is reasonably incident ” to the major purpose of the hospital (People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350, 358). We think it is clear that they were. In Matter of De Mott v. Notey (3 N Y 2d 116) use of dwellings by hospital personnel, in a case, like this, of a unified facility, was held to be accessory to use for a hospital. The court said in an opinion by Judge Dye at page 119: “It is however generally known, which in these times may be judicially noticed, that hospitals customarily provide living accommodations for at least some of their personnel. Here, there was, in fact, testimony that some of the nurses and technicians would not have taken employment in this hospital or would not have continued their employment if living quarters had not been so provided.”
The same has been held in tax exemption cases regarding housing for faculty members and others connected with colleges and universities (People ex rel. Clarkson Mem. Coll. v. Haggett, 191 Misc. 621, affd. 274 App. Div. 732, affd. 300 N. Y. 595; Matter of Pratt Inst. v. Boyland, 16 Misc 2d 58, affd. 8 A D 2d 625). In New York Univ. v. Temporary State Housing Rent Comm. (304 *144 N. Y. 124) the eviction of tenants by New York University from housing accommodations in the vicinity was upheld, in order to use them as dormitories for students and faculty. They were held to be properly withdrawn from the rental market under section 59 of the Bent Commission’s Begulations on the basis that they were needed for university purposes. In the course of the opinion it was said at page 127 that it was held “ in People ex rel. Clarkson Memorial Coll. v. Haggett, 300 N. Y. 595, that college-owned buildings rented by the college to faculty members are exempt from realty taxation as being ‘ used exclusively for carrying out ’ one of the purposes of the owning corporation (Tax Law, § 4, subd. 6).”
Payment of rent by faculty members and others in the cases cited was held not to destroy tax exemptions. Presumably their salaries or other remuneration would be reduced proportionally if their living accommodations had been furnished without charge to them. That is not a crucial factor. Neither is the circumstance that these buildings are across the street from St. Luke’s Hospital and not immediately contiguous thereto (People ex rel. Watchtower Bible & Tract Soc. v. Haring, supra; People ex rel. New York Hosp. v. Purdy, 58 Hun 386, affd. 126 N. Y. 679; Matter of Syracuse Univ., 124 Misc. 788, affd. 214 App. Div. 375).
There appears to be nothing to the contention by the city that the addition of section 422 to the Beal Property Tax Law precludes the partial exemption of these apartment houses. The city argues that it would not have been necessary to have enacted that section if the statute in existence already covered such housing accommodations as St. Luke’s Hospital maintains in the case at bar. What this section does is to provide exemption for real property owned by membership corporations organized under article II of the Private Housing Finance Law (formerly Public Housing Law, art. 12) that are “ used exclusively to provide housing and auxiliary facilities for faculty members, students, employees, nurses, interns, resident physicians, researchers and other personnel and their immediate families in attendance or employed at colleges, universities, educational institutions, hospitals and medical research institutes ”. This statute originally enacted in 1958, and amended in 1959, I960 and 1961, evinces a policy that such facilities shall be tax exempt. The circumstance that they already were exempt, *145 as was specifically held in case of housing for faculty members and students, where the properties were owned by the educational institution or the hospital would not have rendered them tax exempt in the case of membership limited profit housing companies unless section 422 had conferred upon them the same exemption which was previously enjoyed by hospitals and educational institutions. The 1959 Session Laws of New York at page 2134 contain a legislative note that the need for middle-income housing for staff members of charitable and eleemosynary institutions “ such as hospitals and medical research institutes, as well as students and faculty members of educational institutions is great.” The legislative note continues by stating that it is the purpose of this legislation to encourage the production of such housing accommodations by limited profit housing companies organized as membership corporations, as well as the prevention of the spreading of slums. The thrust of section 422 of the Real Property Tax Law is consequently in favor of exemption.
The contention by the city that the hospital is estopped through having paid taxes in earlier years, as a sort of practical construction, is unsound. It was held not to constitute a practical construction of a tax exemption statute in Cruger v. Dougherty (43 N. Y. 107, 120) and in Matter of Pratt Inst. v. Boyland (supra).
The order of the Appellate Division should be modified so as to determine that the apartment houses constituting the subject real property are severally exempt from real estate taxation to the extent in each instance of the proportionate value of the portion used exclusively as living accommodations for personnel of appellant, and that the remaining or other portions, to the extent of the value of such remaining or other portions, shall be subject to taxation; and that for the purpose of ascertaining such proportionate values the proceeding be remitted to Special Term to take such further proceedings as may be appropriate not inconsistent with this opinion.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Burke and Foster concur.
Order of the Appellate Division modified in accordance with the opinion herein and the case remitted to Special Term for such further proceedings as are not inconsistent therewith.