In the Matter of ELLIS HOSPITAL, Respondent, *v.* THOMAS G. FREDETTE, as Assessor for the City of Schenectady, et al., Appellants.

Third Department, May 15, 1967.

*Adam F. Ciesinski, Corporation Counsel (Leonard J. Litz* of counsel), for appellants.

*Maynard, O'Connor & Smith (J. Vincent Smith* of counsel), for respondent.

REYNOLDS, J. This is an appeal from an order of the Supreme Court, Schenectady County, granting an application that petitioner's parking lot be declared exempt from real property taxation for the years 1964 and 1965 pursuant to section 420 of the Real Property Tax Law.

Subdivision 1 of section 420 of the Real Property Tax Law provides in pertinent part that: "Real property owned by a corporation or association organized exclusively for * * * hospital * * * purposes, and used exclusively for carrying out * * * such purposes * * * shall be exempt from taxation as provided in this section."

Subdivision 2 of section 420 provides that: "If any portion of such real property is not so used exclusively to carry out thereupon * * * purposes, such portion shall be subject to taxation and the remaining portion only shall be exempt". Involved here is the question of the exemption of a parking lot holding roughly 320 cars. Admission to this portion of the lot is either by card, which is issued free of charge by the hospital to its employees, or upon payment of $.25. The record indicates that the lot was built solely to provide off-street parking facilities for patients, employees and visitors and not for general public utilization. There is evidence that signs at the parking lot entrance clearly indicated that the lot was not for general public use but for "Patients, Employees and Hospital Visitors Only", and that some care was taken to limit public use of the lot. Roughly 85% of the space was utilized by employees' cars during the daytime, with a reduction of employee use and an increase in visitor use, of course, during the later afternoon and early

evening. There is also testimony that visitations were part of the treatment of the patients, being considered as supportive therapy. Consistent with this if a visitor was unable to afford the $.25 charge, a token would be issued to him, free of charge, by the hospital to permit his admittance to the lot. Concededly, the operation of the lot resulted in a net profit, but while there is some dispute as to the size thereof, whatever surplus there proved to be was put into the hospital general operating budget where it formed a minuscule portion of a $6,000,000 total budget. After a comprehensive review of the testimony Special Term, finding " that the operation of the lot in question is ' reasonably incident ' to the major purpose of the hospital ", granted the exemption and the instant appeal ensued.

The appellants' position is simply that an exemption is not available under section 420 because the respondent hospital charges for the use of the lot and in one or two years at least enjoyed a surplus from its operation. This, in our opinion, is not the applicable criteria. The test, as Special Term properly noted, is whether the operation of the parking lot " is reasonably incident to the major purpose of its owner." (*People ex rel. Watchtower Soc.* v. *Haring,* 8 N Y 2d 350, 358.) Here the parking lot was constructed to provide parking facilities for employees, patients and visitors and thus was incident to the hospital's operation. It clearly was not designed or operated as a public parking facility and the fact that a fee was charged to help defray the cost of construction and operation of the lot or even that a surplus was realized from its operation does not affect the exemption whereas here the motivation for the operation of the facility was clearly not oriented toward pecuniary profit but rather toward providing necessary services and facilities.

We find no merit in appellants' additional contentions.

The order should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur in opinion *per* REYNOLDS, J.

Order affirmed, with costs.