■ In the Matter of ELLIS HOSPITAL, Respondent, v ASSESSOR OF THE CITY OF SCHENECTADY et al., Appellants. [732 NYS2d 659] —Spain, J. Appeal from an order of the Supreme Court (Caruso, J.), entered June 21, 2000 in Schenectady County, which, inter alia, granted petitioner's application, in a proceeding pursuant to RPTL article 7, to invalidate the 1996 real property tax assessment imposed upon petitioner's property.

Petitioner is a not-for-profit corporation which operates a hospital in the City of Schenectady, Schenectady County, on an 11-acre parcel of real property. Previously, the entire property—including hospital buildings and a four-level parking garage built for use by the hospital's patients, visitors and staff—had been determined by respondent Assessor of the City of Schenectady to be wholly exempt from taxation. In April 1991, petitioner leased part of its parcel to a developer who constructed a three-story medical office building which is not exempt from taxation. In August 1991, petitioner leased 220 specifically designated parking spaces located in its then underutilized parking garage to the developer for the exclusive use of the "owners, employees and business invitees" of the medical office building, thereby enabling the developer to satisfy the parking requirements of the City's Zoning Law. Petitioner charges the developer a fee of $12 per month per space, an amount which is less per space than what it actually costs petitioner to maintain those spaces in the garage.

In March 1996, the City Assessor determined that 22% of the total value of the parking garage—the portion leased to the medical office building—is nonexempt, resulting in an assessment roll value of $1,244,910. The City Assessor reasoned that petitioner was not using that leased portion of the parking garage exclusively for the hospital's exempt purposes because, pursuant to the lease with the developer, use of the designated leased spaces was limited to the occupants and users of the fully assessed, nonexempt medical office building. Petitioners challenged the 1996 assessment before respondent Board of Assessment Review of the City of Schenectady asserting that the entire parking garage should continue to be tax exempt pursuant to RPTL 420-a (1). Following a denial of its grievance, petitioner commenced this RPTL article 7 proceeding and thereafter moved for summary judgment claiming that the entire parking garage furthers its charitable purpose of providing health care to the community and that the use of the designated parking spaces by the owners, employees and guests of the medical office building is reasonably incidental to petitioner's charitable purpose. Respondents, citing RPTL

420-a (2), cross-moved for summary judgment arguing that the portion of the garage designated in the lease for the exclusive use of the medical office building was properly assessed. Supreme Court granted petitioner's motion and respondents appeal.

RPTL 420-a (1) (a) provides that real property owned by a corporation organized exclusively for hospital purposes, if "used exclusively" for such purposes, shall be exempt from taxation (RPTL 420-a [1] [a]). RPTL 420-a (2) states, in pertinent part, that "[i]f *any portion* of such real property *is not so used exclusively* to carry out thereupon one or more of such purposes but *is leased or otherwise used for other purposes*, such portion shall be subject to taxation and the remaining portion only shall be exempt" (RPTL 420-a [2] [emphasis supplied]). The disqualifying phrase "not so used exclusively" in RPTL 420-a (2) clearly relates back to the qualifying phrase "used exclusively" in RPTL 420-a (1). It is appropriate on this appeal, therefore, to rely on the existing body of case law that has broadly defined the term "used exclusively" in RPTL 420-a (1) to mean principal or primary (*see, Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 249; *Matter of Genesee Hosp. v Wagner*, 47 AD2d 37, 44, *affd* 39 NY2d 863). Under established precedent, any portion of real property that is not used in a manner " ' "in furtherance of" ' " (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, supra*, at 250, quoting *Matter of Genesee Hosp. v Wagner, supra*, at 44, quoting *Gospel Volunteers v Village of Speculator*, 33 AD2d 407, 411, *affd* 29 NY2d 622) or " 'reasonably incident' to" (*Matter of St. Luke's Hosp. v Boyland*, 12 NY2d 135, 143, quoting *People ex rel. Watchtower Bible & Tract Socy. v Haring*, 8 NY2d 350, 358) the primary or major function of the exempt facility is not entitled to a tax exemption under RPTL 420-a (*see, Matter of Genesee Hosp. v Wagner, supra*, at 43-44).

Initially, we note that this is not a situation where an exemption to an entire parcel of property has been denied based on the use of a relatively small percentage of the property for non-exempt purposes (*cf., People ex rel. Watchtower Bible & Tract Socy. v Haring, supra*, at 354). Instead, applying RPTL 420-a (2), the City Assessor taxed only a portion of the garage representing nearly one quarter of the garage's spaces—clearly not a de minimis portion—which has been leased to the medical office building for the exclusive use of those engaged in private professions and businesses or their patrons. Thus, our determination of whether the assessment was proper depends

upon whether the use of the garage property to supply parking for the medical office building is in furtherance of or reasonably incident to the hospital's exempt purposes (*see, Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, supra,* at 250; *Matter of St. Luke's Hosp. v Boyland, supra,* at 143).

Unlike the remaining portion of the garage which is used for hospital visitors, staff and patients and, thus, "necessarily incidental" to the purposes of the exempt institution (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, supra,* at 250), the leased portion is reserved for the exclusive year-round use of people associated with the taxable medical office building (*cf., Matter of Ellis Hosp. v Fredette,* 27 AD2d 390, 391-392, *lv denied* 20 NY2d 642). It has been recognized that "[t]he private practice of medicine by a hospital's attending physicians is primarily a commercial enterprise" and, therefore, a medical office building so utilized by a hospital's attending physicians is too remotely related to the hospital's function of providing health care to the community to warrant a tax exemption (*Matter of Genesee Hosp. v Wagner, supra,* at 46). Given that the use of the medical office building in this case does not sufficiently further petitioner's exempt purposes to meet the "used exclusively" test (*see, Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, supra,* at 250), it likewise cannot be said that the use of the designated leased parking spaces for the medical office building so furthers petitioner's purposes as to create an entitlement to the exemption. The exemption is defeated here by the fact that the designated parking spaces are not being used primarily for petitioner's main and exempt purpose (*cf., id.,* at 249; *Matter of St. Luke's Hosp. v Boyland, supra,* at 143).

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.