In a hybrid proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the tax year 2006 and pursuant to CPLR article 78 to review a determination of the Town Assessor of the Town of Poughkeepsie dated July 1, 2006, that the subject real property was not fully tax *636 exempt for the tax year 2006, and action for a judgment declaring, among other things, that the subject property is fully tax exempt for the year 2006, the petitioner/plaintiff Columbia SHF Group, LLC, appeals, and the petitioner/plaintiff St. Francis Hospital separately appeals, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (La Cava, J.), dated March 26, 2009, as denied their respective motions for summary judgment, in effect, declaring, among other things, that the subject property is fully tax exempt for the year 2006, and, in effect, denied that branch of the petition which was to review the determination pursuant to CPLR article 78 and dismissed the proceeding pursuant to CPLR article 78, and the respondent/defendant Kathleen Taber, Assessor of the Town of Poughkeepsie, cross-appeals, as limited by her notice of appeal and brief, from so much of the same order and judgment as denied those branches of her cross motion which were for summary judgment, in effect, declaring that the subject property is only partially tax exempt.
Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,
Ordered that the order and judgment is reversed insofar as cross-appealed from, on the law, that branch of the cross motion of the respondent/defendant Kathleen Taber, Assessor of the Town of Poughkeepsie, which was for summary judgment, in effect, declaring that the subject property is only partially tax exempt is granted, and the matter is remitted to the Supreme Court, Dutchess County, for proceedings on that branch of the petition which was to review the tax assessment pursuant to RPTL article 7, a determination thereafter apportioning the percentage of the subject real property that is tax exempt and the percentage that is not tax exempt, and the entry thereafter of an amended judgment, inter alia, dismissing the proceeding pursuant to CPLR article 78, declaring that the subject property is only partially tax exempt, and granting that branch of the petition which was to review the tax assessment pursuant to RPTL article 7 to the extent of directing the reassessment of the subject real property in accordance with the determination apportioning the percentage of the subject real property that is tax exempt and the percentage that is not tax exempt; and it is further,
Ordered that one bill of costs is awarded to the respondent/ defendant Kathleen Taber, Assessor of the Town of Poughkeepsie, payable by the petitioners/plaintiffs.
St. Francis Hospital (hereinafter St. Francis) is a not-for- *637 profit corporation which owns several parcels of land in Dutchess County. St. Francis owns and operates a hospital on one of the parcels. Pursuant to a 1999 ground lease with St. Francis, Columbia SHF Group, LLC (hereinafter Columbia), constructed a medical office building, known as the Atrium, on a parcel of St. Francis’s property adjacent to the hospital building. As provided in the ground lease, a portion of the Atrium parcel was subleased by Columbia to private physician tenants, and a portion was leased back to St. Francis for hospital use. As also provided in the ground lease, St. Francis constructed a 922-space parking garage on another parcel of land adjacent to the Atrium (hereinafter the parking garage parcel). Columbia was granted an easement to use four parking spaces in the parking garage per each 1,000 square feet of net rentable square footage in the Atrium, plus any additional spaces as were required by the zoning ordinance of the Town of Poughkeepsie. The parking garage was also to be used by hospital employees and hospital visitors. The hospital building itself is exempt from real property taxation pursuant to RPTL 420-a and, with respect to the Atrium, Columbia makes certain “Payments in Lieu of Taxes” (hereinafter PILOT) pursuant to a PILOT agreement with the Dutchess County Industrial Development Agency (hereinafter the IDA), an agreement that was acknowledged by the Town of Poughkeepsie. The instant proceedings and action concern the real property tax assessment on the parking garage parcel, which is owned by St. Francis.
During tax years 2001 through 2003, Kathleen Taber, Town Assessor for the Town of Poughkeepsie, determined that only a partial exemption was warranted with respect to the parking garage parcel since private physician tenants of the Atrium were using the parking garage parcel. St. Francis challenged that assessment and, although litigation ensued, a stipulation, so-ordered by the Supreme Court, was entered into in 2003, whereby the parking garage parcel was declared wholly exempt from real property taxation for the years 2000, 2001 and 2002. Full exemptions were subsequently granted in 2003, 2004 and 2005. In 2006, however, Taber once again concluded that the portion of the parking garage parcel used by the private physician tenants of the Atrium was taxable, and that only a partial tax exemption was warranted. Although St. Francis duly protested the assessment and valuation, on or about July 1, 2006, Taber completed, verified, and filed the assessment roll recognizing only a partial exemption of the parking garage parcel.
St. Francis commenced these hybrid proceedings seeking *638 review pursuant to RPTL article 7 and CPLR article 78, and action for a judgment declaring that the parking garage parcel is fully exempt from real property taxation for the year 2006. By stipulation and consent order, Columbia intervened as a petitioner. Subsequently, Columbia and St. Francis (hereinafter together the petitioners) separately moved for summary judgment declaring, among other things, that the parking garage parcel is fully tax exempt for the year 2006. Taber cross-moved for summary judgment, in effect, declaring that the parking garage parcel is only partially tax exempt for that year. The Supreme Court denied the petitioners’ motions, in effect, denied that branch of the petition which was to review the determination pursuant to CPLR article 78, and dismissed the proceeding pursuant to CPLR article 78. The Supreme Court also denied Taber’s cross motion. The Supreme Court determined that triable issues of fact existed as to whether the use made of the parking garage parcel was an exclusive, not-for-profit use within the meaning of RPTL 420-a (1). The petitioners separately appealed and Taber cross-appealed. We conclude that the Supreme Court properly denied the petitioners’ motions, but should have granted Taber’s cross motion for summary judgment declaring that the parking garage parcel is only partially exempt for tax year 2006.
In general, taxpayers must assert instances of illegality, overvaluation, or inequality with regard to a tax assessment through a tax certiorari proceeding pursuant to the provisions of article 7 of the RPTL (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204-205 [1991]; Stabile v Half Hollow Hills Cent. School Dist. of Huntington & Babylon, 83 AD2d 945, 946 [1981]). However, the procedures of RPTL article 7 need not be followed, and a plenary action may be brought collaterally attacking the assessment, where the challenge is that the taxing authority has exceeded its power (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d at 204-205), such as by effectively withdrawing a previously recognized tax exemption (see Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo, 72 AD3d 869 [2010]). Accordingly, the Supreme Court properly ruled upon the merits of the causes of action seeking declaratory relief. As to those portions of the petition/complaint which challenge the assessment as void, either a declaratory judgment action or a proceeding pursuant to CPLR article 78 may be an appropriate vehicle to obtain the relief sought (see Hewlett Assoc. v City of New York, 57 NY2d 356, 363 [1982]; Matter of Watchtower Bible & Tract Socy. of N.Y. v Lewisohn, 35 NY2d 92, 99 [1974]; Otrada, Inc. v Assessor, *639 Town of Ramapo, 41 AD3d 678, 680 [2007]; Corporate Prop. Invs. v Board of Assessors of County of Nassau, 153 AD2d 656, 660-662 [1989], affd 80 NY2d 961 [1992]). Consequently, the Supreme Court correctly addressed the merits of that branch of the petition which sought review pursuant to CPLR article 78.
Although RPTL 420-a (1) (a) recites that exempt property must be “used exclusively” for exempt purposes, the Court of Appeals has held that the word “exclusive” is not to be read literally (see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 214 [2008]). “In determining whether the real property of a corporation is used exclusively for the exempt purpose, the word ‘exclusive’ has been held to connote ‘principal’ or ‘primary’ ” (Matter of Symphony Space v Tishelman, 60 NY2d 33, 38 [1983]; see Matter of Lackawanna Community Dev. Corp. v Krakowski, 12 NY3d 578, 581 n [2009]; Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249; Sephardic Congregation of S. Monsey v Town of Ramapo, 47 AD3d 915, 917 [2008]). “It is the actual or physical use of the property that the Real Property Tax Law is concerned with when it exempts from taxation property ‘used exclusively for carrying out thereupon one or more’ exempt purposes” (Matter of Lackawanna Community Dev. Corp. v Krakowski, 12 NY3d at 581, quoting RPTL 420-a [1] [a]; see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d at 214; Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d at 250). “[A]ny portion of real property that is not used in a manner ‘ “ ‘in furtherance of ” ’ or ‘ “reasonably incident” to’ the primary or major function of the exempt facility is not entitled to a tax exemption under RPTL 420-a” (Matter of Ellis Hosp. v Assessor of City of Schenectady, 288 AD2d 581, 582 [2001] [citations omitted]; see Matter of St. Luke’s Hosp. v Boyland, 12 NY2d 135, 143 [1962]; Matter of Genesee Hosp. v Wagner, 47 AD2d 37, 43-44 [1975], affd 39 NY2d 863 [1976]).
In the instant case, because the taxing authority seeks to withdraw a tax exemption that was afforded in previous years, the assessor bears the burden of proving that the real property is indeed subject to taxation (see Matter of Lackawanna Community Dev. Corp. v Krakowski, 12 NY3d at 581; Matter of New York Botanical Garden v Assessors of Town of Washington, 55 NY2d 328, 334 [1982]; Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of Town of Babylon, 44 AD3d 1044, 1046 [2007]; Otrada, Inc. v Assessor, Town of Ramapo, 41 AD3d at 679). Although a portion of the parking garage parcel was used *640 for hospital visitors, staff, and patients and, thus, “necessarily incidental” to the purpose of the exempt purpose of the hospital (Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d at 250), Taber met her burden by demonstrating that a portion of the parking garage parcel was used to supply parking for the private physician subtenants of the Atrium (see Matter of Ellis Hosp. v Assessor of City of Schenectady, 288 AD2d at 583). As the private practice of medicine by a hospital’s attending physicians is primarily a commercial enterprise, and such physicians’ offices are not entitled to a tax exemption under RTPL 420-a (see Matter of Genesee Hosp. v Wagner, 47 AD2d at 44-45), the parking spaces subleased to those offices cannot be said to so further the hospital’s purposes as to create an entitlement to an exemption (see Matter of Ellis Hosp. v Assessor of City of Schenectady, 288 AD2d at 583; cf. Matter of Ellis Hosp. v Fredette, 27 AD2d 390, 392 [1967]).
In opposition, the petitioners failed to raise a triable issue of fact concerning the use of the parking garage parcel (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Indeed, it is undisputed that the subleases between Columbia and the Atrium’s private subtenants include provisions allocating spaces to those subtenants, and entitling the subtenants to use a certain number of spaces in the garage, that spaces in the garage are regularly used for physicians, staff, and patients visiting the private offices, and that the use allocations were made, at least in part, to satisfy zoning requirements. Contrary to the petitioners’ contentions, the facts that no specific spots are reserved, and that use is permitted on a first-come, first-serve basis, do not prevent Taber from determining that a portion of the parking garage parcel is taxable. There is no need for Taber “to describe by metes and bounds or other physical factors the portion which is exempt and the portion which is taxable” (Matter of Trustees of Sailors’ Snug Harbor in City of N.Y. v Tax Commn. of City of N.Y., 26 NY2d 444, 448 [1970]).
Moreover, the petitioners’ contention that Taber’s determination was arbitrary and capricious is without merit. Each taxable year is separate and distinct (see People ex rel. Hilton v Fahrenkopf, 279 NY 49, 52-53 [1938]), and a determination that the parking garage parcel was used for an exempt purpose during one year does not require a determination that it was used for such a purpose during another year (see F. O. R. Holding Co. v Board of Assessors of Town of Clarkstown, 45 AD2d 875, 876 [1974]; People ex rel. Watchtower Bible & Tract Socy. v Haring, 286 App Div 676, 680 [1955]). “The parties in the new proceeding do not have to start with the former adjudication and then *641 show a change of facts since that time; they may relitigate the entire issue de novo” (People ex rel. Watchtower Bible & Tract Socy. v Haring, 286 App Div at 680; cf. Antal v City of N.Y. Dept. of Hous. Preserv. & Dev., 109 AD2d 723 [1985]). As noted, Taber demonstrated that she granted only a partial tax exemption because a portion of the garage was used by the private subtenants of the Atrium.
Contrary to the petitioners’ argument, the existence of the PILOT agreement concerning the Atrium, and the easements granted in connection with the Atrium, does not affect the question of whether the use made of the parking garage parcel was an exclusive, not-for-profit use within the meaning of RPTL 420-a (1). Real property taxes are assessed on the basis of the full value of property and are, in all cases, assessed against the real property itself (see People ex rel. Gale v Tax Commn. of City of N.Y., 17 AD2d 225, 227 [1962]). While an easement will lessen the value of the servient estate and enlarge the value of the dominant estate (see Matter of Knickerbocker Vil. v Boyland, 16 AD2d 223, 227 [1962], affd 12 NY2d 1044 [1963]), such a valuation is properly the subject of a tax certiorari proceeding pursuant to RPTL article 7.
Since the petition/complaint includes a challenge to the valuation of the assessment, and this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for further proceedings on that branch of the petition which was to review the tax assessment pursuant to RPTL article 7, a determination thereafter apportioning the percentage of the subject real property that is tax exempt and the percentage that is not tax exempt, and the entry thereafter of a judgment, inter alia, dismissing the proceeding pursuant to CPLR article 78, declaring that the parking garage parcel is only partially tax exempt, and granting that branch of the petition which was to review the tax assessment pursuant to RPTL article 7 to the extent of directing the reassessment of the parking garage parcel in accordance with the determination apportioning the percentage of the subject real property that, is tax exempt and the percentage that is not tax exempt (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Dillon, J.P., Miller, Chambers and Lott, JJ., concur.