*757 Vassar Brothers Hospital (hereinafter Vassar) is a not-for-profit corporation that owns several parcels of real property in the City of Poughkeepsie. Vassar owns and operates a hospital on one of the parcels. Pursuant to a 1997 “Ground Lease Agreement” (hereinafter the ground lease) with Vassar, Westage Medical Development, LLC (hereinafter Westage Medical), constructed a medical office building and a connecting 699-space parking garage on a parcel of Vassar’s property adjacent to the hospital complex. As provided in the ground lease, Vassar leased the medical office building to Westage Medical for use by private physician groups and operated the parking garage, which was used by employees and visitors of the hospital complex. The ground lease permitted Westage Medical, its subtenants, and its subtenants’ employees and visitors to use 250 spaces in the parking garage. Pursuant to a subsequent sublease, one of Westage Medical’s subtenants was entitled to 40 reserved parking spaces for the exclusive use of its patients. The remaining 210 spaces allocated to Westage Medical are unreserved and available on a first-come, first-served basis.
Subsequently, the parcel on which the medical office building and parking garage were constructed was split into two separate tax parcels, one for each structure, and the medical office building parcel was assessed taxes while the parking garage parcel was granted a full exemption. In 2008 the City withdrew the exemption and assessed taxes against the parking garage parcel for the full value of the property for the tax year 2008/ 2009, and then again for the tax year 2009/2010.
Vassar commenced these two proceedings seeking review pur *758 suant to article 7 of the Real Property Tax Law, challenging the assessment and the valuation of the parking garage parcel. Thereafter, Vassar moved for summary judgment, in effect, on those branches of the petitions which sought a determination that the parking garage parcel is fully exempt. The City cross-moved for summary judgment determining that the parking garage parcel is only partially exempt, pursuant to CPLR 408 for leave to conduct certain depositions, and for a hearing to determine the taxable percentage of the subject parcel. The Supreme Court granted Vassar’s motion for summary judgment, denied that branch of the City’s cross motion which was for summary judgment determining that the subject parcel was only partially exempt, and, in effect, denied, as academic, those branches of the City’s cross motion which were for leave to conduct depositions and for the hearing. A judgment was subsequently entered, inter alia, determining that the subject parcel is fully exempt pursuant to RPTL 420-a for tax years 2008/2009 and 2009/2010. The City appeals and we reverse.
Although RPTL 420-a (1) (a) states that exempt property must be “used exclusively” for exempt purposes, the Court of Appeals has held that the word “exclusively” is not to be read literally (see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 214 [2008]). Rather, in this context, the word “exclusively” means “principally” or “primarily” (see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249 [1992]; Matter of Symphony Space v Tishelman, 60 NY2d 33, 38 [1983]). As such, “purposes and uses merely ‘auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption’ ” (Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d at 249, quoting Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 153 [1974]). Thus, RPTL 420-a (1) (a) entitles property used principally or primarily for an exempt purpose to a full exemption, including portions of the property that are put to uses reasonably incidental to or in furtherance of the exempt purpose (see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d at 250; Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye, 80 AD3d 118, 138 [2010]; Matter of Ellis Hosp. v Fredette, 27 AD2d 390, 391 [1967]). However, where portions of the property are not put to uses reasonably incidental to or in furtherance of the exempt purpose, those portions of the property are taxable, and the property is only entitled to a partial exemption (see RPTL 420-a [2]; Matter of St. Luke’s Hosp. v Boyland, 12 NY2d 135, 141, 143 [1962]; Matter of Miriam Osborn Mem. Home Assn. v Asses *759 sor of City of Rye, 80 AD3d at 138; Matter of St. Francis Hosp. v Taber, 76 AD3d 635, 639 [2010]; Matter of Ellis Hosp. v Assessor of City of Schenectady, 288 AD2d 581, 582 [2001]).
Here, since the City “seeks to revoke a previously granted tax exemption, it bears the burden of proving that the real property is now subject to taxation” (Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo, 17 NY3d 763, 764 [2011]; see Matter of Lackawanna Community Dev. Corp. v Krakowski, 12 NY3d 578, 581 [2009]; Matter of New York Botanical Garden v Assessors of Town of Washington, 55 NY2d 328, 334 [1982]). The City met its prima facie burden by demonstrating that a portion of the parking garage parcel was used by the private physician subtenants of the medical office building, a use of the parking garage that is not reasonably incidental to or in furtherance of the purpose of the hospital (see Matter of St. Francis Hosp. v Taber, 76 AD3d at 639, 640; Matter of Ellis Hosp. v Assessor of City of Schenectady, 288 AD2d at 583; Matter of Genesee Hosp. v Wagner, 47 AD2d 37, 44-46 [1975], affd 39 NY2d 863 [1976]; cf. Matter of Ellis Hosp. v Fredette, 27 AD2d at 391-392).
In opposition, Vassar failed to raise a triable issue of fact regarding the use of the parking garage parcel. Vassar acknowledged that its lease with Westage Medical permitted up to 250 spaces of the 699-space garage to be used by physicians, employees, and patients visiting the private physician offices in the medical office building. The fact that 210 out of the 250 spaces were not reserved and were only available on a first-come, first-served basis is irrelevant for the purpose of determining whether the garage is actually used for a nonexempt purpose (see Matter of St. Francis Hosp. v Taber, 76 AD3d at 640). “It is the actual or physical use of the property” that is determinative for the purposes of the “used exclusively” inquiry (Matter of Lackawanna Community Dev. Corp. v Krakowski, 12 NY3d at 581; see Matter of Trustees of Sailors’ Snug Harbor in City of N.Y.v Tax Commn. of City of N.Y., 26 NY2d 444, 448-449 [1970]), and a substantial portion of the parking garage is allocated for a use not reasonably incidental to the purpose of the hospital.
Vassar also contends that a consent judgment reducing the assessment of the medical office building parcel for the tax years 2006/2007 and 2007/2008 included the value of the taxable portion of the parking garage parcel. However, Vassar failed to submit any evidence to that effect for the tax years at issue here, 2008/2009 and 2009/2010.
Accordingly, the Supreme Court should have denied Vassar’s motion for summary judgment, in effect, on those branches of the petitions which sought a determination that the parking ga *760 rage was fully exempt and should have granted that branch of the City’s cross motion which was for summary judgment determining that the parking garage is only partially exempt. We remit the matter to the Supreme Court, Dutchess County, for further proceedings on those branches of the petitions which were to review the valuation of the assessment and a determination thereafter apportioning the percentage of the parking garage that is tax exempt and the percentage that is not tax exempt. Moreover, since the Supreme Court, in effect, denied, as academic, those branches of the City’s cross motion which were for leave to conduct certain depositions and for a hearing on the taxable percentage of the parking garage, we also remit the matter to the Supreme Court, Dutchess County, to decide those branches of the cross motion on the merits. Angiolillo, J.E, Dickerson, Leventhal and Miller, JJ., concur.