■ YESHIVA BETH YEHUDA V'CHAIM D'BETLAN, Respondent, v TOWN OF SHANDAKEN et al., Defendants, and ONTEORA CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered January 19, 1983 in Ulster County, which denied defendant Onteora Central School District's motion to vacate a default judgment entered against it which, *inter alia*, declared plaintiff's real property exempt from school taxation. ¶ On October 14, 1981, plaintiff, a religious corporation organized and existing under the laws of New York State, commenced an action by service of a summons and complaint against the Onteora Central School District, the Town of Shandaken and the County of Ulster for a declaratory judgment adjudging it to be a tax-exempt religious organization under section 421 of the Real Property Tax Law and entitled to cancellation of the assessment roll and all local municipal taxes levied upon its property from 1978 to the date of this action. Plaintiff also sought to enjoin the town and school district from assessing and endeavoring to collect those taxes. ¶ The default judgment sought to be vacated herein was obtained against the school district on August 28, 1982 as a result of the latter's failure to appear in that action. Defendant school district originally made an ex parte determination that since the action against it was contingent upon and derived from the town's assessment, the school district's interests would be protected by the town's defense of the assessment. Subsequent to the default judgment being entered, however, the town and county entered into a settlement with plaintiff,

by the terms of which plaintiff was to pay town and county taxes for the years 1978 through 1980, but plaintiff's real property was to be considered wholly tax exempt for the years 1981 through 1983. As reported in the school district's brief, the settlement also purported to relieve plaintiff of the need to pay school taxes levied by the school district for all of the years in question. This last statement is of no moment for the default judgment has already accomplished this result. ¶ The recent amendment to CPLR 2005 (L 1983, ch 318) does not alter the fact that in order to prevail on an application to vacate a default judgment, the defaulting party must show both a valid excuse and a meritorious defense, neither of which condition has been met here. While the default may be said to have been occasioned by law office failure, which CPLR 2005 has now made remediable, the fact remains, as Special Term noted, that a meritorious defense has not been demonstrated. Plaintiff's averment that it is a religious corporation whose tax-exempt status has been recognized by the Internal Revenue Service and whose property is used solely for religious purposes has made a presumptive showing of entitlement to exemption under section 421 of the Real Property Tax Law. Defendant school district offers nothing in refutation and what it advances as a defense, namely, the proposition that as a condition precedent to cancellation of the tax levied by the school district the town's assessment must first be set aside, runs counter to the Court of Appeals pronouncement in *Niagara Mohawk Power Corp. v City School Dist.* (59 NY2d 262, 269) that "[w]hen the taxing authority exceeds its power * * * the taxpayer may challenge its levy collaterally in a plenary action". ¶ Order affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.