■ AGWAY PETROLEUM CORPORATION, Appellant, v JAMES J. PECK et al., Respondents.—In an action to recover on a personal guarantee, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Benson, J.), dated June 4, 1985, as, upon defendants' motion, vacated defendants' default in pleading and directed plaintiff's attorney to accept service of an amended verified answer.

Order reversed insofar as appealed from, on the law, with costs, defendants' motion denied in its entirety, the default

judgment, which awarded plaintiff the sum of $265,458.64, reinstated, and the amended verified answer stricken.

While CPLR 2005 now allows delay or default due to law office failure to be excused, it does not alter the requirement that in order to prevail on an application to vacate a default judgment, the defaulting party must show a meritorious defense *(see, Yeshiva Beth Yehuda V'Chaim D'Betlan v Town of Shandaken,* 100 AD2d 641, 642; *see also, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905; *Raphael v Cohen,* 62 NY2d 700, 701; *Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685, 686; *Amodeo v Radler,* 59 NY2d 1001, 1002, which pertains to a plaintiff's default). In the instant case, no affidavit of merit from an individual with personal knowledge of the facts has been submitted in support of defendants' motion. Moreover, in the course of their "continuing unlimited personal guarantee of payment", defendants explicitly waived "all claims of any nature whatsoever, whether by way of defense, setoff, counterclaim, or otherwise" which the corporation whose debt they had guaranteed then had or might thereafter acquire against plaintiff. Under these circumstances *(see, Citibank v Plapinger,* 66 NY2d 90), Special Term erred as a matter of law in vacating defendants' default. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.