In the Matter of LACKAWANNA COMMUNITY DEVELOPMENT CORPORATION, Respondent, v FRANK E. KRAKOWSKI, as Assessor of the City of Lackawanna, et al., Appellants. [856 NYS2d 405]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered January 16, 2007 in a proceeding pursuant to RPTL article 7. The order, inter alia, granted petitioner's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted and the petition is dismissed.

Memorandum: Petitioner, a not-for-profit corporation, commenced this proceeding seeking review of respondents' determination that, commencing with the 2006 tax year, petitioner's property located in the City of Lackawanna (City) is not tax exempt pursuant to RPTL 420-a. Based on that determination, the property was placed on the City's real property tax rolls. It is undisputed that the property in question is improved by a building containing warehouse, office and light manufacturing space and is leased by petitioner to a for-profit corporation that uses the property exclusively for its manufacturing business. We agree with respondents that Supreme Court erred in granting petitioner's motion for summary judgment and instead should have granted respondents' cross motion for summary judgment dismissing the petition on the ground that the property in question is taxable.

Although pursuant to RPTL 420-a (1) (a) real property owned by a corporation organized exclusively for charitable purposes is

exempt from taxation if the property is "used exclusively" for such purposes, RPTL 420-a (2) expressly provides in relevant part that, "[i]f any portion of such real property is not so used exclusively . . . but is leased or otherwise used for other purposes, such portion shall be subject to taxation and the remaining portion only shall be exempt . . . ." The issue in determining the taxable status of property is "whether the nature of its primary activities is consistent with an exempt purpose" (*Matter of Syracuse Univ. v City of Syracuse*, 92 AD2d 46, 50 [1983], *lv dismissed* 59 NY2d 668 [1983]). Here, as noted, petitioner's for-profit tenant is using the property exclusively for manufacturing purposes, and that use is neither primarily consistent with nor exclusively in furtherance of the corporate purpose for which petitioner was formed, i.e., economic development in the City. Rather, the purpose of the manufacturing use is to generate a profit for petitioner's tenant, and the property thus is not tax exempt (*see* RPTL 420-a [2]; *Matter of Genesee Hosp. v Wagner*, 47 AD2d 37, 43-45 [1975], *affd* 39 NY2d 863 [1976]; *Matter of Ellis Hosp. v Assessor of City of Schenectady*, 288 AD2d 581, 582-583 [2001]).

We note in any event that it is immaterial whether the property is being used in furtherance of petitioner's corporate purpose, in view of the concession of petitioner that the rental income received from the tenant far exceeds its carrying charges and maintenance expenses for the property (*see* RPTL 420-a [2]; *see generally Sisters of St. Joseph v City of New York*, 49 NY2d 429 [1980]). Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.