[910 NE2d 997, 883 NYS2d 168]

In the Matter of LACKAWANNA COMMUNITY DEVELOPMENT CORPO-
RATION, Appellant, v FRANK E. KRAKOWSKI, as Assessor of
the City of Lackawanna, et al., Respondents.

Argued April 28, 2009; decided June 11, 2009

## POINTS OF COUNSEL

*Hurwitz & Fine, P.C.*, Buffalo (*Michael F. Perley* and *Audrey A. Seeley* of counsel), for appellant. I. A local development corporation (LDC) should enjoy tax-exempt status under Real Property Tax Law § 420-a (1) for lease of its real property to for-profit businesses where the LDC's action is consistent with the LDC's core charitable purpose. (*Matter of Ellis Hosp. v Assessor of City of Schenectady*, 288 AD2d 581; *Matter of Brooklyn Assembly Halls of Jehovah's Witnesses, Inc. v Department of Envtl. Protection of City of N.Y.*, 11 NY3d 327; *Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244; *Gospel Volunteers v Village of Speculator*, 29 NY2d 622; *Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205; *Matter of Genesee Hosp. v Wagner*, 47 AD2d 37, 39 NY2d 863; *Matter of County of Erie v Kerr*, 49 AD2d 174; *Matter of Nassau County Council Boy Scouts of Am. v Board of Assessors of Town of Rockland*, 84 AD2d 862, 55 NY2d 607; *Matter of Canton Human Servs. Initiatives, Inc. v Town of Canton*, 4 Misc 3d 413; *Sisters of St. Joseph v City of New York*, 49 NY2d 429.) II. Respondents erroneously removed the tax-exempt status of Lackawanna Community Development Corporation's real property at 100 Ridge Road. (*Matter of Regional Economic Community Action Program v Ritter*, 270 AD2d 492, 95 NY2d 758.)

*Hodgson Russ LLP*, Buffalo (*Daniel A. Spitzer, Michael B. Risman* and *Joshua Feinstein* of counsel), for respondents. I. The property does not meet the requirements for an exemption under the Real Property Tax Law. (*Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d 578; *Matter of Adirondack Land Trust v Town of Putnam Assessor*, 203 AD2d 861, 84 NY2d

809; *Mohonk Trust v Board of Assessors of Town of Gardiner,* 47 NY2d 476; *Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb,* 21 AD3d 620; *Matter of Genesee Hosp. v Wagner,* 47 AD2d 37; *Matter of Ellis Hosp. v Assessor of City of Schenectady,* 288 AD2d 581; *Matter of Chautauqua Inst. v Town of Chautauqua,* 35 AD2d 1; *Matter of Cornell Univ. v Board of Assessors of City of Ithaca,* 24 AD2d 526; *Matter of Julia L. Butterfield Mem. Hosp. Assn. v Town of Philipstown,* 48 AD2d 289; *Matter of Shrine of Our Lady of Martyrs of Auriesville v Board of Assessors of Town of Glen,* 54 Misc 2d 145.) II. Lackawanna Community Development Corporation's contentions are meritless. (*Matter of Charter Dev. Co., L.L.C. v City of Buffalo,* 6 NY3d 578; *Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown,* 10 NY3d 205; *Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg,* 79 NY2d 244; *Matter of Nassau County Council Boy Scouts of Am. v Board of Assessors of Town of Rockland,* 84 AD2d 862; *Gospel Volunteers v Village of Speculator,* 33 AD2d 407; *Matter of St. Luke's Hosp. v Boyland,* 12 NY2d 135; *Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb,* 21 AD3d 620; *Matter of Ellis Hosp. v Assessor of City of Schenectady,* 288 AD2d 581; *Matter of Julia L. Butterfield Mem. Hosp. Assn. v Town of Philipstown,* 48 AD2d 289; *Matter of Genesee Hosp. v Wagner,* 47 AD2d 37.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

The tax assessor for the City of Lackawanna seeks to tax real property owned by the Lackawanna Community Development Corporation (LCDC), a local development corporation organized under section 1411 of the Not-For-Profit Corporation Law. LCDC leases the property to a for-profit corporation that carries out for-profit manufacturing activities on the property. The Appellate Division found the property taxable under the Real Property Tax Law (50 AD3d 1469 [4th Dept 2008]). Because the property is "used" within the meaning of RPTL 420-a (1) (a) by the for-profit lessee for manufacturing activities, and not by LCDC for an exempt purpose, we hold that the property is taxable and the Appellate Division order should be affirmed.

LCDC acquired the properties that comprise what is now known as 100 Ridge Road in Lackawanna, New York between 1981 and 1985, and in 1993 LCDC leased the real property to Now-Tech Industries, Inc., a for-profit corporation. Now-Tech

Industries, Inc. subsequently assigned the lease to PCB Now-Tech, Inc., another for-profit corporation. Prior to 2006, LCDC was not assessed real property taxes on the 100 Ridge Road property. In 2006, relying on the New York State Office of Real Property Services Exemption Administration Manual that, in relevant part, largely mirrors the statute, Lackawanna's tax assessor concluded that the 100 Ridge Road property was not entitled to an exemption under section 420-a (1) (a), and LCDC commenced this action.

"Generally, the burden of proof lies with the taxpayer who is seeking to have real property declared tax exempt," but when, as here, a municipality seeks "to withdraw a previously granted tax exemption, the municipality bears the burden of proving that the real property is subject to taxation" (*Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334 [1982]). The Lackawanna tax assessor has satisfied his burden.

We first pause to note what we are not deciding today. This case does not present for our consideration, under either the Not-For-Profit Corporation Law or the Real Property Tax Law, whether the 100 Ridge Road property was exempt from taxation prior to LCDC's leasing it to an entity that carries out for-profit manufacturing activities on the property. For present purposes, therefore, we assume without deciding that prior to it being leased, the 100 Ridge Road property held by LCDC was exempt from taxation.

It is the actual or physical use of the property that the Real Property Tax Law is concerned with when it exempts from taxation property "*used* exclusively for carrying out *thereupon* one or more" exempt purposes (RPTL 420-a [1] [a] [emphasis added]; *see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 216 [2008] [the "issue is . . . whether the property is 'used exclusively' " for an exempt purpose, and property used to provide housing for the indigent and property used to provide housing for people "while they participate in social work programs" is "used" within the meaning of the statute]).*

---

* In *Matter of Adult Home* the use of the property at issue was said to be reasonably incident to an exempt purpose (10 NY3d at 216), and it has long been clear that the statute's "used exclusively" language should be understood to mean "used principally" (*see Matter of Symphony Space v Tishelman*, 60 NY2d 33, 38 [1983]). Whether the use of real property to carry out an exempt

We find no support in the Real Property Tax Law or the Not-For-Profit Corporation Law for LCDC's argument that the 100 Ridge Road property is "used" by LCDC because LCDC is leasing it in furtherance of LCDC's purpose of spurring economic development. There is no question that local development corporations formed under the Not-For-Profit Corporation Law for the "charitable or public purposes of relieving and reducing unemployment . . . bettering and maintaining job opportunities, instructing or training individuals to improve or develop their capabilities for such jobs," and "encouraging the development of, or retention of, an industry in the community or area," among other purposes (N-PCL 1411 [a]), are pursuing laudable goals that better the State's communities, and LCDC is no exception. Not all laudable activities, however, entitle the actor to a property tax exemption, and we decline LCDC's invitation to read the Real Property Tax Law together with the Not-For-Profit Corporation Law in such a manner as to establish a "tax loophole" where one would not otherwise exist (*see Sisters of St. Joseph v City of New York*, 49 NY2d 429, 441 [1980]).

Moreover, if the Legislature had intended to provide a blanket real property tax exemption for local development corporations, it would have done so expressly, as it has in other contexts (*compare* N-PCL 1411 [f] [providing that the "income and operations" of local development corporations formed under the statute are exempt from taxation], *with* General Municipal Law § 874 [1] [providing that an industrial development agency "shall be required to pay no taxes or assessments upon any of the property acquired by it or under its jurisdiction or control or supervision or upon its activities"]).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.

---

purpose is characterized, as here, as the sole use of the property or, as in *Matter of Adult Home*, as a use reasonably incident to an exempt purpose, it is the actual or physical use of the real property that is determinative under section 420-a (1) (a).