■ Congregation Rabbinical College of Tartikov, Inc., Appellant, v Town of Ramapo et al., Respondents. [900 NYS2d 103]—

In an action for a judgment declaring that the plaintiff's real property is exempt from real property taxation pursuant to Real Property Tax Law § 420-a (1) for tax years 2006, 2007, and 2008, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (LaCava, J.), dated April 15, 2009, as, after a nonjury trial on submitted facts, declared that the defendants properly revoked the tax exemption of the plaintiff's real property pursuant to Real Property Tax Law § 420-a (1) for tax years 2006, 2007, and 2008.

Ordered that the judgment is reversed insofar as appealed from, on the facts, with costs, and it is declared that the plaintiff's real property is exempt from real property taxation pursuant to Real Property Tax Law § 420-a (1) for tax years 2006, 2007, and 2008.

The plaintiff, a religious corporation, challenges the revocation by the Town of Ramapo of its real estate tax exemption for land it licensed to a for-profit corporation to operate a religious summer camp. The plaintiff charged that corporation a licensing fee in the sum of $60,000 to $70,000 per year, which the plaintiff used to finance plans for future construction of a religious college on the site. Pursuant to an agreement between the plaintiff and the operator of the camp, the operator was required to maintain the facilities. The agreement stated that the plaintiff's purpose in operating the camp on the site was "generating funds for its educational and religious purposes."

In the judgment appealed from, the Supreme Court, inter alia, determined that the plaintiff was not entitled to a real estate tax exemption pursuant to Real Property Tax Law § 420-a for tax years 2006, 2007, and 2008, on the grounds that the property was used by a for-profit corporation, the plaintiff's annual income from the property exceeded the carrying, maintenance, and depreciation charges of the property, and the plaintiff "did not use the real property exclusively for carrying out thereupon one or more of its religious purposes." We reverse the judgment insofar as appealed from.

Real Property Tax Law § 420-a (1) (a) provides, in pertinent part, that: "Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of

such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section."

The crucial issue in determining whether property is tax exempt pursuant to Real Property Tax Law § 420-a (1) is whether the primary or principal use of the property is a tax-exempt purpose of its owner. The fact that the property is leased or licensed to other parties, or the fact that the owner derives some profit from the use of the property, does not defeat a tax exemption pursuant to Real Property Tax Law § 420-a (1), so long as the primary or principal use of the property is for a tax-exempt purpose of its owner (*see Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d 578 [2009]; *Gospel Volunteers v Village of Speculator*, 29 NY2d 622, 623-624 [1971]; *Sephardic Congregation of S. Monsey v Town of Ramapo*, 47 AD3d 915, 917-918 [2008]; *Matter of Scenic Hudson Land Trust v Sarvis*, 234 AD2d 301, 305 [1996]). "The question is how the property is used, not whether it is profitable" (*Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 216 [2008]). A tax-exempt property will generally retain its tax-exempt status even where a non-exempt, for-profit independent contractor conducts commercial operations on the property, so long as those operations are in furtherance of the property's tax-exempt purposes (*see Matter of Pace Coll. v Boyland*, 4 NY2d 528 [1958]; *Matter of Scenic Hudson Land Trust v Sarvis*, 234 AD2d at 305; cf. *Young Women's Christian Assn. v City of New York*, 217 App Div 406 [1926], *affd* 245 NY 562 [1927]).

Here, the conclusion reached by the Supreme Court was not warranted by the facts. The defendants failed to meet their burden of proof for revocation of the tax exemption (*see Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d at 581; *Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334; *Otrada, Inc. v Assessor, Town of Ramapo*, 41 AD3d 678, 680 [2007]) in that they failed to prove that the operation of the religious summer camp was inconsistent with the plaintiff's intended principal use of the property as a religious college (*see Matter of Scenic Hudson Land Trust v Sarvis*, 234 AD2d at 305). Specifically, the plaintiff was closely involved in the operation of the religious summer camp, as evidenced by its approval of the camp's personnel, religious curriculum, and purveyors of Kosher food. The operation of the religious summer camp was in furtherance of the principal use of the property for the plaintiff's corporate purposes, as

expressly set forth in Paragraph Second, subdivisions (c) and (d), of the plaintiff's Certificate of Incorporation (*see Matter of Pace Coll. v Boyland*, 4 NY2d at 533-534; *Gospel Volunteers v Village of Speculator*, 29 NY2d at 623; *Otrada, Inc. v Assessor, Town of Ramapo*, 41 AD3d at 680).

Accordingly, the Supreme Court incorrectly determined that the defendants properly revoked the tax exemption of the plaintiff's real property pursuant to Real Property Tax Law § 420-a (1) for tax years 2006, 2007, and 2008, and we declare that the real property is exempt under that statute for those years. Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur. **[Prior Case History: 23 Misc 3d 1117(A), 2009 NY Slip Op 50797(U).]**