[952 NE2d 1024, 929 NYS2d 32]

CONGREGATION RABBINICAL COLLEGE OF TARTIKOV, INC., Respondent, v TOWN OF RAMAPO et al., Appellants.

Argued May 2, 2011; decided June 14, 2011

### APPEARANCES OF COUNSEL

*Michael L. Klein, Town Attorney,* Suffern (*Janice Gittelman* of counsel), for appellants.

*Scheinert & Kobb, LLC,* Nanuet (*Joel L. Scheinert* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

New York's Real Property Tax Law exempts from taxation real property owned by a religious corporation if it is "used exclusively for carrying out thereupon" a religious purpose (RPTL 420-a [1] [a]). Plaintiff's property in the Town of Ramapo, Rockland County, had been deemed tax exempt for several years before the Town revoked the exemption in 2007. Plaintiff protested. Supreme Court ruled in favor of the Town (23 Misc 3d 1117[A], 2009 NY Slip Op 50797[U] [2009]), but the Appellate Division reversed (72 AD3d 869 [2010]), correctly noting that when a municipality seeks to revoke a previously granted tax exemption, it bears the burden of proving that the real property is now subject to taxation (*Matter of New York Botanical Garden v Assessors of Town of Washington,* 55 NY2d 328, 334 [1982]). Here, the sole use of the subject property, by the previous owner and by plaintiff, has been the operation of a summer camp with a religious curriculum. The Town failed to establish that the primary use of the property was not in furtherance of plaintiff's religious purposes (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg,* 79 NY2d 244, 250 [1992]).

Although the Town argues that a contractor hired by plaintiff was actually the entity "using" the property and exclusively operating the camp, we hold that the Appellate Division correctly concluded otherwise. The contract indicated that the

contractor was managing the camp on behalf of the plaintiff and the Town stipulated to the fact that plaintiff retained general supervision and control over the camp's operation, including the right to approve the hiring of camp personnel, the purveyors of kosher food for camp lunches, and the religious curriculum. Moreover, an economic profit made by a religious corporation "does not by itself extinguish a tax exemption" (*Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 216 [2008]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur; Judge JONES taking no part.

Order affirmed, with costs, in a memorandum.