■ In the Matter of GREATER JAMAICA DEVELOPMENT CORPO-RATION et al., Appellants, v NEW YORK CITY TAX COMMISSION et al., Respondents. [975 NYS2d 749]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the respondent New York City Department of Finance, dated February 23, 2011, revoking a tax exemption granted to certain public parking facilities owned and operated by the petitioners, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Siegal, J.), dated April 2, 2012, as denied that branch of their petition which was pursuant to CPLR article 78 to annul the determination and granted the respondents' cross motion to dismiss the petition.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs payable by the respondents, that branch of the petition which was pursuant to CPLR article 78 to review the determination of the respondent New York City Department of Finance dated February 23, 2011, revoking the tax exemption granted to the subject parking facilities is granted, that determination is annulled, and the respondents' cross motion to dismiss the petition is denied.

The petitioner Greater Jamaica Development Corporation (hereinafter GJDC) was organized in 1967 as a charitable, not-for-profit corporation with a mission to promote the development of the business-commercial-retail district of Jamaica, Queens. In 1998, GJDC formed the petitioner Jamaica First Parking, LLC (hereinafter JFP), with GJDC as its sole member, in order to acquire, develop, and operate public parking facilities in the Jamaica community on a nonprofit basis. Thereafter, JFP came to own and operate five such public parking facilities, four of which had formerly been operated by the New York City Department of Transportation. The fifth parking facility was constructed on vacant land purchased from New York City, and the construction was partially financed by a grant from the New York City Economic Development Corporation. These five parking facilities allegedly offered significantly lower rates than similar for-profit facilities so as to attract visitors, consumers, retailers, and other businesses to the area.

In a private letter ruling issued in 2001, the Internal Revenue Service (hereinafter the IRS) concluded that the operation of public parking facilities by JFP would not adversely affect GJDC's federal tax exempt status, in large part because such

activity was "substantially related" to GJDC's charitable tax-exempt purposes and would "lessen the burdens of government" as defined by certain tax regulations. In 2007, the respondent New York City Department of Finance (hereinafter the DOF) granted an exemption from real property taxes pursuant to Real Property Tax Law § 420-a on the public parking facilities owned and operated by JFP.

In February 2011, the DOF revoked the real property tax exemption, beginning with the 2011/2012 tax year, on the ground that, inter alia, the operation of parking facilities, in and of itself, was not a charitable activity as contemplated by RPTL 420-a. Subsequently, GJDC and JFP (hereinafter together the petitioners) commenced this proceeding against the DOF and the New York City Tax Commission (hereinafter together the respondents). In the order and judgment appealed from, the Supreme Court determined, inter alia, that, although it might have been inclined to find that the petitioners evinced a charitable purpose, the DOF nonetheless had a rational basis for revoking the tax exemption. It therefore denied that branch of the petition which was to annul the DOF's determination and granted the respondents' cross motion to dismiss the petition.

RPTL 420-a (1) (a) provides, in pertinent part, that "[r]eal property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section."

"The crucial issue in determining whether property is tax exempt pursuant to [RPTL 420-a] is whether the primary or principal use of the property is a tax-exempt purpose of its owner" (*Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo*, 72 AD3d 869, 871 [2010], *affd* 17 NY3d 763 [2011]). The general rule is that the taxpayer bears the burden of proving that a property is tax exempt (*see Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d 578, 581 [2009]; *Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334 [1982]). However, where, as here, a municipality seeks " 'to withdraw a previously granted tax exemption, the municipality bears the burden of proving that the real property is subject to taxation' " (*Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d at 581, quoting *Matter of New York Botanical Garden v Assessors of Town of*

*Washington*, 55 NY2d at 334; *see Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo*, 17 NY3d 763, 764 [2011]; *Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714, 716 [2000]). This burden may be met by proving, for example, a change in the law, a change in the use of the property, or that the tax exemption was erroneously awarded in the first instance (*see Matter of Lake Forest Senior Living Community, Inc. v Assessor of the City of Plattsburgh*, 72 AD3d 1302, 1304 [2010]; *see also Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of Town of Babylon*, 44 AD3d 1044, 1046 [2007]).

Here, the respondents failed to meet their burden of proof for revocation of the tax exemption on the grounds that the petitioners' activity did not conform to a charitable purpose within the meaning of RPTL 420-a. Absent a precise statutory definition of "charitable purpose," courts have interpreted this category to include relief of poverty, advancement of governmental and municipal purposes, and other objectives that are beneficial to the community (*see Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 80 AD3d 118, 133 [2010]; *Matter of Farm Sanctuary v Patton*, 221 AD2d 67, 68-69 [1996]). Furthermore, a property owner seeking a real property tax exemption which demonstrates that it is a not-for-profit entity " 'whose tax-exempt status has been recognized by the Internal Revenue Service and whose property is used solely for [charitable] purposes has made a presumptive showing of entitlement to exemption' " (*Matter of Plattsburgh Airbase Redevelopment Corp. v Rosenbaum*, 101 AD3d 21, 23 [2012], quoting *Yeshiva Beth Yehuda V'Chaim D'Betlan v Town of Shandaken*, 100 AD2d 641, 642 [1984]; *but see Matter of Swedenborg Found. v Lewisohn*, 40 NY2d 87, 95 [1976]).

To demonstrate that their purpose was charitable, the petitioners submitted, inter alia, evidence that the IRS recognized them as charitable organizations entitled to tax exemption. GJDC also submitted its Certificate of Incorporation, which stated that the organization shall be operated exclusively for charitable purposes, including "[t]o support and assist in the planning, development and expansion of educational, cultural, recreational, residential, governmental, transportation and other related facilities in Jamaica." The Certificate of Incorporation further stated that GJDC was not-for-profit, and contained a provision that, upon GJDC's dissolution, any proceeds shall be distributed in furtherance of the organization's charitable goals. Likewise, JFP's Certificate of Formation stated that it was formed to carry out GJDC's chari-

table purposes by acquiring and operating public parking facilities on a nonprofit basis. Accordingly, the petitioners established that they were organized for a charitable purpose within the ambit of RPTL 420-a (*see Matter of Plattsburgh Airbase Redevelopment Corp. v Rosenbaum*, 101 AD3d at 21; *see generally Matter of Symphony Space v Tishelman*, 60 NY2d 33 [1983]).

Moreover, contrary to the respondents' contention, the petitioners demonstrated that the use of their public parking facilities was consistent with their exempt purpose, as expressly noted by the IRS in granting such operation tax exempt status. Given that the petitioners' charitable purpose was to improve Jamaica's business district through further economic development, offering convenient and inexpensive public parking to attract visitors and businesses was central to their aim. Consequently, the public parking facilities owned and operated by the petitioners were entitled to a tax exemption pursuant to RPTL 420-a (*see Matter of Vassar Bros. Hosp. v City of Poughkeepsie*, 97 AD3d 756 [2012]; *Matter of St. Francis Hosp. v Taber*, 76 AD3d 635 [2010]; *Matter of Ellis Hosp. v Assessor of City of Schenectady*, 288 AD2d 581 [2001]; *see generally Matter of Plattsburgh Airbase Redevelopment Corp. v Rosenbaum*, 101 AD3d at 21; *Matter of Lackawanna Community Dev. Corp. v Krakowski*, 50 AD3d 1469,1470 [2008], *affd* 12 NY3d 578 [2009]; *Sephardic Congregation of S. Monsey v Town of Ramapo*, 47 AD3d 915 [2008]).

Accordingly, the Supreme Court should have granted the petition, as the respondents' revocation of the tax exemption did not have a rational basis and was, therefore, arbitrary and capricious (*see Matter of Health Ins. Plan of Greater N.Y. v Board of Assessors of Town of Babylon*, 44 AD3d 1044 [2007]; *cf. Matter of Ohr Menachem of Great Neck, Inc. v Board of Assessors*, 48 AD3d 688 [2008]).

In light of our determination, we need not address the petitioners' remaining contention. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.