■ In the Matter of ST. WILLIAM'S CHURCH OF TROY, N.Y., Respondent, v TINA DIMITRIADIS, as Assessor of the City of Troy, et al., Appellants. (Proceeding No. 1.) In the Matter of ST. PETER'S CHURCH OF TROY, N.Y., Respondent, v TINA DIMITRIADIS, as Assessor of the City of Troy, et al., Appellants. (Proceeding No. 2.) (And Two Other Related Proceedings.) [981 NYS2d 837]—

Garry, J. Appeal from an order of the Supreme Court (Hummel, J.), entered August 1, 2012 in Rensselaer County, which, in proceeding Nos. 1 and 2 pursuant to RPTL article 7, among other things, granted petitioners' cross motion for summary judgment restoring tax-exempt status for certain real property owned by petitioners.

Petitioner St. William's Church of Troy, New York and petitioner St. Peter's Church of Troy, New York (hereinafter collectively referred to as petitioners) are organized as religious corporations and conduct their activities in conformance with the Code of Canon Law of the Roman Catholic Church. Petitioners own parcels of real property in the City of Troy, Rensselaer County that were formerly used as active parishes within the Roman Catholic Diocese of Albany, New York and, as such, were exempt from real property taxation pursuant to RPTL 420-a (1) (a). In 2009, the Diocese announced plans to permanently close certain churches, including those owned by petitioners. Thereafter, canonical decrees of suppression were issued for petitioners' parishes, and by canonical decrees of altering of parish, the territory and care of the faithful of petitioners' parishes were incorporated into other parishes.

In April 2010, respondent Assessor of the City of Troy advised petitioners that their properties' tax-exempt status had been revoked, and the properties had been placed on the tax rolls. Petitioners filed timely complaints with respondents and, in June 2010, respondent Board of Assessment Review of the City of Troy issued a notice of determination declining to restore the properties' tax-exempt status. Petitioners thereafter individually commenced proceedings pursuant to RPTL article 7 challenging this determination.[1] Respondents moved to join the proceedings and for summary judgment dismissing the petitions, and petitioners cross-moved for summary judgment restoring their properties' tax-exempt status. Supreme Court granted petitioners' cross motion and, as pertinent here, denied respondents' summary judgment motion. Respondents appeal.

Although the burden of proof in tax exemption matters ordinarily lies with the party seeking an exemption, a municipality seeking to withdraw an existing exemption bears the burden of proving that the real property in question has become subject to taxation (*see Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d 578, 581 [2009]; *Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334 [1982]; *Matter of Pine Harbour, Inc. v Dowling*, 89 AD3d 1192, 1193 [2011]; *Matter of Lake Forest Senior Living Community, Inc. v Assessor of the City of Plattsburgh*, 72 AD3d 1302, 1303-1304 [2010]). Here, although it is undisputed that petitioners continue to be organized exclusively for tax-exempt religious purposes, respondents contend that their properties are not entitled to tax exemptions because they are no longer "used primarily for the furtherance of [religious] purposes" (*Matter of Pine Harbour, Inc. v Dowling*, 89 AD3d at 1193 [internal quotation marks and citation omitted]; *see* RPTL 420-a [1] [a], [b]; *Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d at 331). To meet their burden in this regard, respondents contend that statements made by the Diocese establish that the properties no longer function as churches, that regular worship services and religious activities that were formerly conducted on the properties now take place elsewhere, and that the parcels are now investment properties being marketed for sale for the nonexempt purpose of generating income.

---

1. Petitioner St. Francis Church of Troy, New York and petitioner Church of St. Paul the Apostle also commenced proceedings pursuant to RPTL article 7, but subsequently sold their real property. Supreme Court granted summary judgment to respondents with respect to these properties, and that determination is not challenged on this appeal.

In rebuttal, petitioners submitted the affidavit of a Roman Catholic priest and canon lawyer stating that the canonical decrees of suppression and altering of parish did not preclude the continued use of the subject properties for religious purposes, and that both properties continue to be "sacred space" within the meaning of the Code of Canon Law. Petitioners further submitted affidavits from church officials stating that both properties continue to be used for religious services conducted to serve the spiritual needs of the parish faithful, in the form of monthly morning prayers on one of the properties and periodic prayer services that include scripture readings and communion services on the other.[2] Contrary to respondents' contention that such occasional or periodic use cannot be deemed to be primary, "[i]t is the actual or physical use of the property" that determines whether it is exempt from real property taxation (*Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d at 581). Here, the record reveals that petitioners' only actual or physical use of their properties is for religious purposes. Absent any showing by respondents that the properties are used for anything other than the religious purposes for which petitioners were organized, the mere fact that this use is now less frequent does not alter the properties' tax-exempt status (*see Matter of Mary Immaculate School of Eagle Park v Wilson*, 73 AD2d 969, 970 [1980]; *Greater N.Y. Corp. of Seventh-Day Adventists v Town of Dover*, 29 AD2d 861, 861-862 [1968], *appeal dismissed* 23 NY2d 682 [1968]; *compare Living Springs Retreat v County of Putnam*, 215 AD2d 449, 450 [1995], *lv denied* 88 NY2d 808 [1996], *cert denied* 519 US 1040 [1996]). Further, respondents did not show that petitioners currently derive rental income or any other such financial benefit from the properties, and we find no basis upon which to conclude that the efforts to sell the properties renders use that is otherwise exclusively religious insufficient to meet the requirements of RPTL 420-a (1) (a) (*compare Matter of Pine Harbour, Inc. v Dowling*, 89 AD3d at 1194-1195). Accordingly, respondents did not meet their burden to prove that the properties were subject to taxation, and Supreme Court properly concluded that petitioners were entitled to summary judgment restoring the properties to tax-exempt status.

Peters, P.J., Lahtinen and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. The record also includes a letter from a Diocese official to the Assessor averring that the properties are used to store religious artifacts and fixtures.