Matter of Brookdale Physicians' Dialysis Assoc., Inc. v Department of Fin. of the City of N.Y. (2019 NY Slip Op 08636)





Matter of Brookdale Physicians' Dialysis Assoc., Inc. v Department of Fin. of the City of N.Y.


2019 NY Slip Op 08636


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10471 156074/17

[*1] In re Brookdale Physicians' Dialysis Associates, Inc., formerly known as Church Avenue Associates, Inc., Petitioner-Respondent, Samuel and Bertha Schulman Institute for Nursing and Rehabilitation Fund, Inc., etc., Petitioner,
v
The Department of Finance of the City of New York, Respondent-Appellant.


Georgia M. Pestana, Acting Corporation Counsel, New York (Joseph J. Kroening of counsel), for appellant.
Cozen O'Connor, New York (Menachem J. Kastner of counsel), for respondent.



Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered August 3, 2018, granting the petition brought pursuant to CPLR article 78 to annul a determination of respondent, dated April 4, 2017, which denied petitioners' application for an exemption from real property taxation, and denying respondent's cross motion to dismiss the petition, unanimously affirmed, without costs.
The article 78 court correctly determined that the building owned by petitioner Samuel and Bertha Schulman Institute for Nursing and Rehabilitation Fund, Inc. (Schulman) and used for the provision of a critical healthcare service qualifies for tax-exempt status, notwithstanding the for-profit status of the provider of the service.
Schulman is a not-for-profit organization established for the purpose of providing funding and support to Brookdale Hospital Medical Center (Brookdale Hospital), a major hospital complex in eastern Brooklyn, and to the Schulman and Shachne Institute for Nursing and Rehabilitation, Inc. (the Nursing Institute), a 446-bed rehabilitation facility located on the Brookdale Hospital campus. Brookdale Hospital and the Nursing Institute, which are non-profit entities devoted to the provision of healthcare, and Schulman are affiliated by virtue of common control by Brookdale Health System, Inc., a charitable organization.
Since 1996, Schulman has leased the first floor and basement of its building, which is located one block away from Brookdale Hospital, to petitioner Brookdale Physicians' Dialysis Associates, Inc. (Brookdale Dialysis), a for-profit corporation. As provided for in the lease, Brookdale Dialysis provides dialysis services in the building. Eighty percent of the patients treated at Brookdale Dialysis are referred there by Brookdale Hospital or the Nursing Institute. Brookdale Dialysis is staffed exclusively by physicians and other employees of Brookdale Hospital. Brookdale Dialysis pays Brookdale Hospital a fee for the use of its employees, and pays for and provides all dialysis functions for patients at Brookdale Hospital and the Nursing Institute, which have no other dialysis capability. Brookdale Dialysis physicians do not maintain private offices in the building. In sum, Schulman, Brookdale Hospital, and the Nursing Institute, as well as the nephrologists and other healthcare professionals working through Brookdale [*2]Dialysis, participate in an arrangement by which Brookdale Dialysis renders a critical healthcare service — hemodialysis and peritoneal dialysis — to Brookdale Hospital and the Nursing Institute at little to no direct cost to the non-profit entities. Although the non-profit entities received an ostensible financial benefit, and Schulman's rent receipts exceed its building maintenance expenses, no benefit exists because Schulman placed the profit back into its healthcare-provider affiliates.
The provision of dialysis services for Brookdale Hospital and Nursing Institute patients qualifies the building for tax-exempt status, because it is "reasonably incident" to Schulman's purpose of funding and supporting its healthcare affiliates (see Matter of St. Luke's Hosp. v Boyland, 12 NY2d 135, 143 [1962] [internal quotation marks omitted] [hospital-owned property used as dwelling space for hospital personnel reasonably incident to hospital's major purpose and thus qualified for tax exemption]; Matter of Pace Coll. v Boyland, 4 NY2d 528, 532-534 [1958] [use of college cafeteria for provision of meals by for-profit contractor did not warrant revocation of tax exemption]; Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo, 72 AD3d 869, 871 [2d Dept 2010], affd 17 NY3d 763 [2011] [operation of for-profit religious summer camp did not warrant revocation of tax exemption]).
The Brookdale Dialysis services are closely analogous to the X-ray services performed on commission in Matter of Genesee Hosp. v Wagner (47 AD2d 37 [4th Dept 1975], affd on op below 39 NY2d 863 [1976]). Genesee Hospital owned an adjacent professional office building in which it leased suites to physicians for their own private practices and used other spaces for hospital services, such as an ambulatory X-ray unit; the radiologists in the unit received a percentage of the hospital's billings from the X rays taken. The Court of Appeals adopted the Fourth Department's decision holding that the suites leased to the physicians were not entitled to tax exemption but the spaces used for hospital services were entitled to tax exemption, notwithstanding that the radiologists received commissions on the administration of X rays (id. at 46-47).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK