Matter of Global Leadership Found. v Commissioner of Fin. of the City of N.Y. (2023 NY Slip Op 02939)

Matter of Global Leadership Found. v Commissioner of Fin. of the City of N.Y.

2023 NY Slip Op 02939

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Moulton, J.P., González, Mendez, Rodriguez, JJ. 

Index No. 101391/18 Appeal No. 368 Case No. 2022-04056 

[*1]In the Matter of Global Leadership Foundation, Petitioner-Appellant,
v
The Commissioner of Finance of the City of New York et al., Respondents-Respondents.

Nixon Peabody LLP, New York (Stephen P. Younger of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Daniel Joy of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Shlomo Hagler, J.), entered September 7, 2022, denying the petition to annul certain determinations by respondent Tax Commission of the City of New York, which denied petitioner's applications for real property tax exemption for the 2016/2017, 2017/2018, 2018/2019 and 2019/2020 tax years, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court providently exercised its discretion in declining to excuse petitioner's failure to exhaust administrative remedies in challenging respondent's determinations for the 2017/2018 and 2018/2019 tax years (see generally Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Community School Bd. Nine v Crew, 224 AD2d 8, 12-13 [1st Dept 1996], lv denied 89 NY2d 807 [1997]). Petitioner's applications for those years were not identical to previous applications such that exhaustion would have been futile.
Petitioner's claim as to the 2019/2020 tax year was correctly dismissed as time-barred. Petitioner failed to seek article 78 review of respondent's determination as to that tax year within the four-month statute of limitations (CPLR 217[1]), and the claim, raised for the first time in the amended petition, does not relate back to the original petition, which was filed before respondent reached the 2019/2020 determination (CPLR 203[f]). Petitioner's generalized invocation of "subsequent tax years" in the original petition was insufficient to put respondent on "notice of the transactions [or] occurrences . . . to be proved in support of" petitioner's 2019/2020 claim (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 50-51 [2022] [internal quotation marks omitted]).
Respondent correctly placed the burden of proof on petitioner in reaching its determination with respect to the 2016/2017 tax year. "Generally, the burden of proof lies with the taxpayer who is seeking to have real property declared tax exempt, but when . . . a municipality seeks to withdraw a previously granted tax exemption, the municipality bears the burden of proving that the real property is subject to taxation" (Matter of Lackawanna Community Dev. Corp. v Krakowski, 12 NY3d 578, 581 [2009] [internal quotation marks omitted]). Here, petitioner's contemplated use exemption, effective from the 2013 purchase of the property through the 2015/2016 tax year, expired on June 30, 2016, following petitioner's submission of a renewal form that indicated "that the property is now being used for an exempt purpose, and the use is no longer contemplated," therefore requiring submission of an application for an actual use exemption. Contemplated use and actual use are distinct exemptions under the Real Property Tax Law (compare RPTL 420-a[1][a] with RPTL 420-a[3]). Petitioner never challenged the Department of Finance's 2016 decision declining to renew petitioner's contemplated use exemption. Rather, the determination challenged [*2]here is respondent's denial of petitioner's 2016/2017 actual use exemption application. Because petitioner was claiming an exemption under RPTL 420-a(1)(a) for the first time rather than seeking renewal of an existing exemption, respondent properly placed the burden of proof on petitioner (see Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d 362, 367 [2014]).
With the burden appropriately assigned to petitioner, respondent's decision denying the exemption was neither irrational, nor arbitrary and capricious. While housing can qualify as an exempt use under RPTL 420-a where it is in furtherance of the property owner's exempt purpose (id. at 368) or where it is provided to needy individuals "at below market rates" (Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 214 [2008]), petitioner submitted no evidence to support its assertion that its rates for the dormitory housing it offers to students and interns are below market or that it vets occupants' financial need. Respondent also rationally concluded that the property's operation as a preschool did not qualify it for an actual use exemption. Petitioner submitted insufficient evidence to resolve the confusion surrounding the identity of the preschool operator, Global Leadership Foundation Inc.—an arguably distinct entity from petitioner, whose charitable purposes and status as a tax-exempt entity were unclear.
Accordingly, respondent's denial of petitioner's application for a 2016/2017 actual use exemption was not arbitrary and capricious.
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023